■ In the Matter of TYRONE JACKSON, Petitioner, v GLENN S. GOORD, as Commissioner of New York State Department of Correctional Services, Respondent. [693 NYS2d 686] —Proceeding pursuant to CPLR article 78 (transferred to this Court by or-

der of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Following a tier III disciplinary hearing petitioner, a prison inmate, was found. guilty of violating two counts each of the prison disciplinary rules that prohibit inmates from engaging in violent conduct and assaulting staff. According to the two misbehavior reports, petitioner became argumentative and uncooperative during an inmate grievance hearing and was escorted from the room. Petitioner thereafter became violent and, in the course of the ensuing altercation, punched two correction officers in the face and bit one of them on the arm. Petitioner's guilt was affirmed upon administrative appeal, although the penalty was reduced, and he then commenced this CPLR article 78 proceeding challenging the determination.

We confirm. Contrary to petitioner's contention, we find that the detailed misbehavior reports, combined with the testimony adduced at the hearing, provide substantial evidence of his guilt (*see, Matter of Foster v Coughlin*, 76 NY2d 964, 966). Although petitioner claimed he was assaulted by staff without provocation and the misbehavior reports were issued in retaliation for the grievances he had filed, the conflicting testimony merely raised a credibility issue for the Hearing Officer to resolve (*see, Matter of De La Rosa v Portuondo*, 247 AD2d 810, 811). In addition, we are unpersuaded by petitioner's contention that the Hearing Officer was biased and, in any event, petitioner failed to establish that the outcome of the hearing flowed from the alleged bias (*see, Matter of Lawrence v Headley*, 257 AD2d 837, 838). We further find that the intermittent gaps in the hearing transcript were not so significant as to preclude meaningful review (*see, Matter of Reynoso v Coombe*, 229 AD2d 732, 733, *lv denied* 89 NY2d 801), and, to the extent that petitioner argues that the transcript was deliberately edited to exclude objections and relevant testimony, we find no evidence in the record to support this contention. Petitioner's remaining arguments have been examined and found to be unpersuasive.

Mikoll, J. P., Mercure, Crew III, Peters and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.