■ In the Matter of GUILLERMO RODRIGUEZ, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [854 NYS2d 823]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in a misbehavior report with violating visiting room procedures and failing to obey a direct order. The charges stemmed from an incident wherein petitioner engaged in inappropriate physical contact with a female visitor. A tier III disciplinary hearing ensued, at the conclusion of which petitioner was found guilty of the charges and a penalty was imposed. Following an unsuccessful administrative appeal, petitioner commenced this proceeding seeking to annul the underlying determination.

Preliminarily, respondent concedes and our review of the record confirms that there is insufficient evidence to support the charge that petitioner disobeyed a direct order. Accordingly, that portion of the determination is annulled.*

We reach a contrary conclusion regarding the charge that petitioner violated visiting room procedures. The misbehavior report and the testimony adduced at the hearing constitute substantial evidence to support the finding that petitioner engaged in inappropriate physical contact with his visitor (*see Matter of Mealer v Selsky*, 290 AD2d 778, 778-779 [2002]). Notably, petitioner was warned regarding that very conduct the day before the incident giving rise to the misbehavior report (*see id.*

---

* Inasmuch as petitioner has served his administrative penalty and there was no recommended loss of good time, we need not remit this matter for a redetermination of the penalty imposed (*see Matter of Wan Zhang v Murphy*, 1 AD3d 784 [2003]).

at 778). To the extent that petitioner denied the conduct and/or argued that the reporting officer's view was obstructed, such testimony presented a credibility issue for the Hearing Officer to resolve (*see Matter of Retamozzo v New York State Dept. of Correctional Servs.*, 31 AD3d 1083, 1084 [2006]). As for petitioner's assertion that the visit was terminated prematurely, we need note only that the alleged procedural infirmities cited by petitioner in no way negate his underlying conduct. Petitioner's remaining arguments, including his claim of hearing officer bias, have been examined and found to be lacking in merit.

Peters, J.P., Rose, Lahtinen, Kavanagh and Stein, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of disobeying a direct order; petition granted to that extent and the Commissioner of Correctional Services is directed to expunge all references thereto from petitioner's institutional record; and, as so modified, confirmed.