■ In the Matter of MARTIN HODGE, Appellant, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, et al., Respondents. [862 NYS2d 191]—

Appeal from a judgment of the Supreme Court (McNamara, J.), entered September 12, 2007 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review two determinations finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in two misbehavior reports with various prison disciplinary rule violations. The first misbehavior report arose from an incident in which petitioner called the facility nurse by her first name despite her directive not to do so and refused her order to leave the room. Following a tier III disciplinary hearing, petitioner was found guilty of harassment, refusing a direct order, engaging in violent conduct and assaulting staff, and this determination was affirmed on administrative appeal. The second misbehavior report arose from a search of petitioner's cell which resulted in the discovery of, among other things, missing screws from a wall plate and a piece of a headphone with a wall jack adapter. Following a tier II disciplinary hearing, petitioner was found guilty of tampering with state property, and this determination was also affirmed on administrative appeal. Petitioner thereafter commenced this CPLR article 78 proceeding challenging these determinations. Follow-

ing joinder of issue, Supreme Court dismissed the petition and this appeal ensued.*

Initially, upon reviewing the transcript of the tier III hearing, we do not find the inaudible portions so significant as to preclude meaningful judicial review (*see Matter of McKethan v Selsky*, 49 AD3d 1113 [2008]). However, respondent concedes and we agree that, upon reviewing the transcript, substantial evidence does not support that part of the first determination finding petitioner guilty of engaging in violent conduct and assaulting staff. Accordingly, the determination must be annulled to that extent and all references thereto expunged from petitioner's institutional record. Inasmuch as no loss of good time was imposed and petitioner has already served the penalty, the matter need not be remitted for a redetermination of the penalty (*see Matter of Green v Smith*, 40 AD3d 1287, 1287 [2007]).

Having pleaded guilty to refusing a direct order, petitioner may not challenge the determination of guilt with respect to this charge (*see Matter of Rivera v Goord*, 47 AD3d 1141 [2008]). As for the charges of harassment and tampering with state property, the misbehavior reports and testimony at the respective hearings provide substantial evidence supporting the determinations of guilt (*see Matter of Thorpe v Goord*, 13 AD3d 690, 690-691 [2004]; *Matter of Lynch v Goord*, 285 AD2d 878, 879 [2001]). Contrary to petitioner's claim, the Hearing Officer who presided over the tier III hearing properly considered the confidential testimony of a social worker in assessing petitioner's mental health status. Petitioner's remaining contentions are either unpreserved or are lacking in merit.

Cardona, P.J., Mercure, Carpinello, Kane and Malone Jr., JJ., concur. Ordered that the judgment is modified, without costs, by reversing so much thereof as dismissed that part of the petition seeking to annul the determination of guilt with respect to the charges of assaulting staff and engaging in violent conduct; petition granted to that extent and the Commissioner of Correctional Services is directed to expunge all references thereto from petitioner's institutional record; and, as so modified, affirmed.

---

* We note that while the proceeding should have been initially transferred to this Court because the petition raises a question of substantial evidence, we shall consider the issue de novo and render judgment accordingly (*see Matter of Parkinson v Selsky*, 45 AD3d 1079, 1080 [2007]).