In the Matter of THOMAS WILLIAMS, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [895 NYS2d 539]—

Petitioner was charged in a misbehavior report with making threats, refusing to obey a direct order, talking in a corridor (creating a disturbance) and harassing an employee. Following a tier III disciplinary hearing, petitioner was acquitted of making threats, but found guilty of the remaining charges. That determination was affirmed on administrative appeal and this CPLR article 78 proceeding ensued.

Substantial evidence, including the misbehavior report and the hearing testimony of its author, supports the determination of guilt for the charges of harassment and refusing a direct order (*see Matter of Sanders v Goord*, 47 AD3d 987, 988 [2008]). However, we do not find the existence of substantial evidence to support the part of the determination which found petitioner guilty of creating a disturbance, as there was no evidence that petitioner was talking loudly or otherwise "engage[d] in conduct which disturb[ed] the order of any part of the facility" (7 NYCRR 270.2 [B] [5] [iv]; *see generally Matter of Hodge v Selsky*, 53 AD3d 953, 954 [2008]). Accordingly, the determination must be annulled to that extent and all references thereto expunged from petitioner's institutional record. "Inasmuch as no loss of good time was imposed and petitioner has already served the penalty, the matter need not be remitted for a redetermination of the penalty" (*Matter of Hodge v Selsky*, 53 AD3d at 954 [citation omitted]).

Petitioner's claim that the misbehavior report was written in retaliation for past grievances he had filed presented a credibility issue for the Hearing Officer to resolve (*see Matter of Pertillar v Fischer*, 64 AD3d 1029, 1030 [2009]). We are unpersuaded that petitioner was denied the right to call certain witnesses, as the record reflects that the requested witnesses

had no direct knowledge of the incident in question and their testimony, as it pertained to petitioner's retaliation defense, would have been redundant in light of the documentary evidence presented by petitioner (*see Matter of Brown v Taylor*, 62 AD3d 1230, 1231 [2009]; *Matter of Rizzuto v Goord*, 36 AD3d 1124, 1125 [2007]). Finally, we find no support in the record for petitioner's claim that the Hearing Officer was biased and there is no indication that the determination flowed from any bias (*see Matter of Davis v Fischer*, 64 AD3d 847, 848 [2009], *lv denied* 13 NY3d 709 [2009]).

Cardona, P.J., Spain, Malone Jr., Stein and McCarthy, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of creating a disturbance; petition granted to that extent and respondent is directed to expunge all references thereto from petitioner's institutional record; and, as so modified, affirmed.