In the Matter of LARRY COSTA, Petitioner, v WILLIAM CONNOLLY, as Superintendent of Fishkill Correctional Facility, Respondent. [942 NYS2d 693]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

While a correction officer was doing the count in one of the visiting rooms, petitioner repeatedly distracted the officer by asking him if he got the count right. He then ignored the officer's directive to stop talking and, as a result, the count was delayed. Due to his conduct, petitioner was charged in a misbehavior report with harassment, refusing a direct order, delaying the count and violating visiting room procedures. He was found guilty of the charges at the conclusion of a tier II disciplinary hearing. The determination was affirmed on administrative appeal with a modified penalty. This CPLR article 78 proceeding ensued.

We confirm. The misbehavior report and related documentation, together with the testimony of the correction officer who wrote the report, provide substantial evidence supporting the determination of guilt (*see Matter of Daughtry v Bezio*, 84 AD3d 1623, 1624 [2011], *lv denied* 17 NY3d 709 [2011]; *Matter of Bartley v Fischer*, 73 AD3d 1363, 1363-1364 [2010]). Petitioner's assertion that the report was written in retaliation for complaints he and his wife filed against its author presented a credibility issue for the Hearing Officer to resolve (*see Matter of White v Fischer*, 87 AD3d 1249, 1250 [2011]; *Matter of Kalwasinski v Fischer*, 87 AD3d 1187, 1188 [2011]). Moreover, we reject petitioner's claim that the misbehavior report was defective because it did not accurately identify the visiting room where the incident occurred. Petitioner has not demonstrated that he was prejudiced by this inaccuracy as he indicated at the hearing that he knew precisely where the incident occurred. In view of this, and given the other particulars set forth in the report, we find that it provided petitioner with sufficient notice of the charges to enable him to prepare a defense (*see Matter of Linares v Fischer*, 59 AD3d 761 [2009], *lv denied* 12 NY3d 709 [2009]; *Matter of Ragland v Great Meadow Correctional Facility*, 245 AD2d 612, 612 [1997]). Petitioner's remaining claims have either not been preserved for our review or are lacking in merit.

Rose, J.P., Lahtinen, Kavanagh, Garry and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.