Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Superintendent of Sullivan Correctional Facility which found petitioner guilty of violating certain prison disciplinary rules.
Petitioner, a prison inmate, was visiting with his wife when a correction officer observed that the wife had her back turned towards petitioner, her shirt was lifted up from behind, her pants were unbuttoned and petitioner, whose pants were slightly down, was pulling her pants up from behind. The officer confronted the couple and attempted to have them go into a meeting room; the wife suddenly rushed to a door and ignored the officer’s commands to turn around and enter the meeting room. When she eventually complied, the officer noted that her pants were unbuttoned and had been pulled down. A misbehavior report was subsequently filed charging petitioner with refusing a direct order, creating a disturbance and violating facility *1123 visiting procedures by having inappropriate physical contact with his wife. After a tier II disciplinary hearing, petitioner was found guilty of creating a disturbance and violating facility visiting procedures. After an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding.
Initially, respondent concedes and we agree that the determination finding petitioner guilty of creating a disturbance is not supported by substantial evidence (see Matter of Smith v Fischer, 87 AD3d 1198, 1199 [2011]; Matter of Minton v Fischer, 73 AD3d 1347, 1348 [2010], appeal dismissed 15 NY3d 848 [2010]). Inasmuch as petitioner has already served the penalty and no loss of good time was imposed, there is no need to remit the matter for a redetermination of the penalty (see Matter of Franza v Venettozzi, 98 AD3d 782, 783 [2012]).
We reach a different conclusion with respect to the charge of violating facility visiting procedures. “An inmate shall comply with and follow the guidelines and instructions given by staff regarding facility visiting procedures pursuant to the requirements of departmental Directive No. 4403 (7 NYCRR Part 200)” (7 NYCRR 270.2 [B] [26] [i]). Here, the correction officer’s testimony and the content of the misbehavior report indicate that petitioner and his wife were observed in the visitation yard with their clothing in various stages of undress, suggesting they had been involved in some form of inappropriate physical contact. In addition, when confronted by a correction officer, the wife ignored the officer’s order to go to the meeting room, giving support to the suggestion that the couple had been engaged in inappropriate conduct. Petitioner and his wife offered an innocent explanation to the effect that when observed by the correction officer, the wife was trying to get to a bathroom because she was ill. However, this testimony stood in stark contrast to that offered by the correction officer and served to create a credibility issue to be resolved by the Hearing Officer (see Matter of Carrasco v Fischer, 96 AD3d 1315, 1316 [2012]; Matter of Costa v Connolly, 94 AD3d 1322, 1322 [2012]). In that regard, it must also be noted that the correction officer and sergeant who spoke to the wife immediately after the incident testified that neither she nor petitioner ever claimed that she was ill. Also, petitioner’s credibility in this regard had to be judged against his institutional record, which included numerous prior instances where he had been warned of engaging in inappropriate physical contact with his wife during visitation (see Matter of Rodriguez v Selsky, 50 AD3d 1337, 1337 [2008]; Matter of Mealer v Selsky, 290 AD2d 778, 778 [2002]). Accordingly, substantial evidence supports the determination finding *1124 petitioner guilty of this charge (see Matter of Rodriguez v Selsky, 50 AD3d at 1337; Matter of Mealer v Selsky, 290 AD2d at 778). Petitioner’s remaining claims, including his allegation that the Hearing Officer was biased, have been reviewed and are either unpreserved or lack merit (see Matter of Smith v Prack, 98 AD3d 1180 [2012]).
Peters, PJ., Lahtinen, Malone Jr., Kavanagh and McCarthy, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of creating a disturbance; petition granted to that extent and respondent is directed to expunge all references to this charge from petitioner’s institutional record; and, as so modified, confirmed.