■ In the Matter of LAWRENCE LEWIS, Appellant, v WILLIAM S. LEE, Respondent. [29 NYS3d 443]—

Proceeding pursuant to CPLR article 78 to review a determination of the respondent William S. Lee, Superintendent of the Green Haven Correctional Facility, dated April 3, 2014, which affirmed the determination of a hearing officer dated March 31, 2014, made after a tier II disciplinary hearing, finding that the petitioner was guilty of violating rules 109.12, 104.13, and 107.10 of the Institutional Rules of Conduct (7 NYCRR 270.2 [B] [10] [iii]; [5] [iv]; [8] [i]), and imposing a penalty.

Adjudged that the petition is granted, on the law, without costs or disbursements, to the extent that so much of the determination as found the petitioner guilty of violating rules 109.12 and 104.13 of the Institutional Rules of Conduct (7 NYCRR 270.2 [B] [10] [iii]; [5] [iv]) is annulled, those charges are dismissed, the penalties and surcharge imposed are vacated, the respondent is directed to expunge from the petitioner's institutional record all references to the findings relating to those charges, and the petition is otherwise denied, the determination is otherwise confirmed, the proceeding is

otherwise dismissed on the merits, and the matter is remitted to the respondent for the imposition of a new penalty for the defendant's violation of rule 107.10 of the Institutional Rules of Conduct (7 NYCRR 210.2 [B] [8] [i]).

The petitioner, an inmate at the Green Haven Correctional Facility, after a tier II disciplinary hearing, was found guilty of violating rules 109.12, 104.13, and 107.10 of the Institutional Rules of Conduct (7 NYCRR 270.2 [B] [10] [iii] [failure to follow directions relating to movement during lock in and lock out]; [5] [iv] [creating a disturbance]; [8] [i] [interference with an employee]). These charges were based upon an incident that occurred when the petitioner became upset when a lock-in of his cell block occurred earlier than he had anticipated.

There was no substantial evidence to support the charge that the petitioner failed to follow directions relating to movement during the lock in and lock out (see Matter of Liner v Miles, 133 AD2d 962, 962 [1987]). The petitioner's guilt of the charge of creating a disturbance also was not established by substantial evidence, as there was no evidence in the record that the situation at issue escalated into a disturbance (see Matter of Williams v Fischer, 69 AD3d 1278, 1278 [2010]).

Contrary to the petitioner's contentions, however, the record contains substantial evidence establishing interference with a prison employee (see Matter of Davis v Lee, 127 AD3d 1186, 1186 [2015]; Matter of Harris v Kaplin, 102 AD3d 692, 693 [2013]).

There is no merit to the petitioner's contentions that the transcript could not be meaningfully reviewed (see Matter of Jackson v Goord, 263 AD2d 726 [1999]) and that the hearing officer was biased (see e.g. Matter of Cepeda v Goord, 39 AD3d 640, 641 [2007]).

The petitioner's remaining contentions have been rendered academic in light of our determination.

Accordingly, the petition should be granted to the extent of annulling the determination insofar as it found the petitioner guilty of violating rules 109.12 and 104.13, vacating the penalties and surcharge, directing the respondent to expunge from the petitioner's institutional record all references to these charges underlying the determination, and remitting the matter to the respondent for the imposition of a new penalty for the charge that is confirmed herein. Balkin, J.P., Sgroi, Duffy and Connolly, JJ., concur.