*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 23, 2016                521341
_____

In the Matter of REGINALD
    PETTY,
                        Petitioner,

        v                                    MEMORANDUM AND JUDGMENT

ALBERT PRACK, as Director of
    Special Housing and Inmate
    Disciplinary Programs,
                        Respondent.
_____

Calendar Date:  May 3, 2016

Before:  McCarthy, J.P., Egan Jr., Rose, Devine and Aarons, JJ.

_____

        Reginald Petty, Malone, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.

_____

        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.

        After another inmate unplugged the television that petitioner had been watching, a verbal disagreement ensued. Thereafter, petitioner was charged in a misbehavior report with violent conduct and creating a disturbance. Following a tier III disciplinary hearing, petitioner was found guilty of both charges. On administrative appeal, that determination was upheld with a modified penalty. This CPLR article 78 proceeding followed.

Initially, respondent concedes, and we agree, that the part of the determination finding petitioner guilty of violent conduct is not supported by the record. Likewise, the record does not contain substantial evidence to support the determination of guilt as to the charge that petitioner created a disturbance. The description within the misbehavior report and the testimony of its author that petitioner "disrupted the order of the facility" is conclusory and does not permit intelligible review of whether petitioner violated 7 NYCRR 270.2 (B) (5) (iv). 7 NYCRR 270.2 (B) (5) (iv) provides that "[a]n inmate shall not engage in conduct which disturbs the order of any part of the facility" and then defines the activities that would constitute such conduct as "includ[ing], but . . . not limited to, loud talking in a mess hall, program area or corridor, talking after the designated facility quiet time, playing a radio, television or tape player without a headphone or through a headphone in a loud or improper manner, or playing a musical instrument in a loud or improper manner." Here, the record provides, at most, that petitioner engaged in a verbal disagreement with a fellow inmate as to what channel to watch on television. While the record is replete with evidence that the fellow inmate thereafter violated a number of disciplinary rules, his actions cannot be attributed to petitioner. In the absence of any evidence describing how petitioner disrupted the order of the facility due to his disagreement with the fellow inmate, there is not substantial evidence to support that charge (see Matter of Lewis v Lee, 138 AD3d 746, 747 [2016]; Matter of Williams v Fischer, 69 AD3d 1278, 1278 [2010]).

McCarthy, J.P., Egan Jr., Rose, Devine and Aarons, JJ., concur.

ADJUDGED that the determination is annulled, without costs, petition granted, and the Commissioner of Corrections and Community Supervision is directed to expunge all references to this matter from petitioner's institutional record.

ENTER:

Robert D. Mayberger
Clerk of the Court