■ In the Matter of THEODORE SIMPSON, Petitioner, v DON-ALD VENETTOZZI, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent. [59 NYS3d 831]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.

A correction officer unlocked petitioner's cell to release him to the recreation yard in accordance with a go around sheet scheduling him for morning recreation. Petitioner purportedly walked out of his cell and told the officer that he was not reporting to recreation. Petitioner then allegedly refused the officer's order to lock into his cell. He eventually complied, but was later charged in a misbehavior report with multiple disciplinary rule violations. Following a tier III disciplinary hearing, petitioner was found guilty of being out of place and violating facility movement regulations. The determination was affirmed on administrative appeal and this CPLR article 78 proceeding ensued.

Initially, respondent concedes and, upon reviewing the record, we agree that substantial evidence does not support that part of the determination finding petitioner guilty of being out

of place (*see* 7 NYCRR 270.2 [B] [10] [i]). We reach the same conclusion with respect to that part of the determination finding petitioner guilty of violating facility movement regulations (*see* 7 NYCRR 270.2 [B] [10] [iii]). Petitioner maintained that he never signed up to go to morning recreation and that the officer who came to release him from his cell made a mistake. Petitioner's inmate witnesses, who were housed nearby, corroborated his story. Significantly, the correction officer involved in the incident, who also authored the misbehavior report, did not testify at the hearing nor was testimony of any other correction officials presented concerning the incident. Furthermore, there was no evidence presented that petitioner ventured to other areas of the facility when he exited his cell. In view of the foregoing and given that petitioner was found not guilty of refusing a direct order to lock in, we conclude that substantial evidence does not support the finding that he violated facility movement regulations (*compare Matter of Basbus v Prack*, 112 AD3d 1088, 1088-1089 [2013]; *Matter of A'Gard v LaValley*, 104 AD3d 1031, 1031 [2013]). The determination must therefore be annulled in its entirety and, as such, we need not address petitioner's remaining claims.

Peters, P.J., Egan Jr., Devine, Clark and Aarons, JJ., concur. Adjudged that the determination is annulled, without costs, petition granted and the Commissioner of Corrections and Community Supervision is directed to expunge all references to this matter from petitioner's institutional record.