In the Matter of FRED RICHARDSON, Petitioner, v ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent. [56 NYS3d 905]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in a misbehavior report with engaging in or encouraging a sexual act, violating visitation procedures and creating a disturbance. The charges stemmed from an incident in the outside visitation area in which a correction officer observed petitioner and his wife with their pants down and skin exposed, and petitioner was standing directly behind his wife making "thrusting movements." Following a tier III disciplinary hearing, petitioner was found guilty as charged and that determination was upheld on administrative appeal. This CPLR article 78 proceeding followed.

Initially, respondent concedes, and we agree, that substantial evidence was lacking to support the charge of creating a disturbance. Accordingly, we annul that part of the determination and, given that petitioner has already served the penalty, which did not include a loss of good time, the matter need not be remitted for a redetermination of the penalty (see Matter of Prince v Annucci, 126 AD3d 1201, 1202 [2015]). With regard to petitioner's challenge to the remaining charges, the misbehavior report, testimony of its author who observed the incident and the unusual incident report provide substantial evidence to support the determination of guilt (see 7 NYCRR 270.2 [B]

[2] [i]; [26] [i]; *Matter of Robinson v Annucci*, 122 AD3d 981, 982 [2014]; *Matter of Hood v Fischer*, 100 AD3d 1122, 1123-1124 [2012]). The testimony of petitioner and his wife offering an innocent explanation for their conduct created a credibility issue for the Hearing Officer to resolve (*see Matter of Simpson v Rodriguez*, 149 AD3d 1448, 1449 [2017]; *Matter of Hood v Fischer*, 100 AD3d at 1123). Contrary to petitioner's claim, the misbehavior report did not charge him with having sexual intercourse but, rather, alleged that he committed a "sexual act" involving "physical contact," as the correction officer who observed the incident consistently testified. Finally, the misbehavior report was properly endorsed (*see* 7 NYCRR 251-3.1 [b]), and petitioner's remaining challenges are unpreserved.

Peters, P.J., Garry, Rose, Clark and Rumsey, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of creating a disturbance; petition granted to that extent and respondent is directed to expunge all references to that charge from petitioner's institutional record; and, as so modified, confirmed.