Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
 

 Petitioner was charged in a misbehavior report with refusing a direct order, interfering with an employee’s duties and assaulting an employee. According to the misbehavior report, when a correction officer attempted to open a door in order to enter one of the correctional facility housing units, petitioner held the door closed for approximately seven seconds. After petitioner released the door, the correction officer entered the housing unit and, according to the misbehavior report, petitioner then struck the correction officer on the arm with her fist. The correction officer placed petitioner in a body hold and gave her several commands to remain on the wall, at which time she complied. Following a tier III disciplinary hearing, petitioner was found guilty of refusing a direct order and interfering with an employee’s duties, but not guilty of the remaining charge. That determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.
 

 Initially, we agree with petitioner that the finding of guilt with respect to refusing a direct order is not supported by substantial evidence. The correction officer involved in the incident and who wrote the misbehavior report simply testified that he placed petitioner in a body hold after he thought that she had struck him and threw her up against the wall. The correction officer did not testify—nor does the videotape evidence establish—that petitioner disregarded or ignored the correction officer’s direct orders to stay on the wall (compare Matter of Mungo v Director of Special Hous. & Inmate Disciplinary Programs, 93 AD3d 1057, 1057 [2012], appeal dismissed 19 NY3d 919 [2012]). Although the misbehavior report indicates that several direct orders were given for petitioner to remain on the wall, it also indicates that petitioner, after being given such orders, “complied and force ceased.” We find the foregoing is insufficient to establish that petitioner failed to comply with any direct orders (see Matter of Covington v Coombe, 262 AD2d 675, 676 [1999]; cf. Matter of Dancy v Fischer, 100 AD3d 1158, 1159 [2012]). Accordingly, that part of the determination must be annulled and, given that petitioner has already served the penalty, which did not include a loss of good time, the matter need not be remitted for a redetermination of the penalty (see Matter of Richardson v Annucci, 153 AD3d 1012, 1012 [2017]). The balance of the determination finding petitioner guilty of interfering with an employee’s duties is supported by the misbehavior report, the testimony at the hearing, including petitioner’s testimony that she held the door shut, and the videotape evidence (see Matter of Kirton v Annucci, 149 AD3d 1370, 1371 [2017], lv denied 30 NY3d 988 [2017]). To the extent that petitioner challenges the validity of the extension request, the issue is raised for the first time before this Court and, therefore, is unpreserved for our review (see Matter of Bonnemere v Annucci, 153 AD3d 983, 984 [2017]).
 

 Peters, P.J., Egan Jr., Devine, Aarons and Rumsey, JJ., concur.
 

 Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of disobeying a direct order; petition granted to that extent, respondent Commissioner of Corrections and Community Supervision is directed to expunge all references to this charge from petitioner’s institutional record; and, as so modified, confirmed.