Matter of Love v Venettozzi (2018 NY Slip Op 03403)





Matter of Love v Venettozzi


2018 NY Slip Op 03403


Decided on May 10, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 10, 2018

525088

[*1]In the Matter of GREGORY LOVE, Petitioner,
v
DONALD VENETTOZZI, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent.

Calendar Date: April 3, 2018

Before: McCarthy, J.P., Lynch, Clark, Mulvey and Pritzker, JJ.


Gregory Love, Woodbourne, petitioner pro se.
Barbara D. Underwood, Acting Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in a misbehavior report with smuggling and possessing contraband after a pat frisk revealed that he was carrying six cellophane baggies containing a white powdery substance in his pocket. At a tier III disciplinary hearing, petitioner pleaded guilty to smuggling, but not guilty to possessing contraband. Following the hearing, petitioner was found guilty of both charges, and this determination was affirmed
on administrative appeal. This CPLR article 78 proceeding ensued.
Initially, we reject petitioner's contention that he did not plead guilty to the smuggling charge. Although the hearing transcript indicates that it could not be determined whether it was petitioner's voice that pleaded guilty to the charge, he clearly responded in the affirmative when the Hearing Officer sought confirmation that he was pleading guilty to smuggling, and petitioner thereafter signed the hearing record sheet affirming his guilty plea. In light of his guilty plea, petitioner is precluded from challenging the evidence supporting the smuggling charge (see Matter of Doolittle v Kirkpatrick, 153 AD3d 1490, 1490-1491 [2017]; Matter of DeJesus v [*2]Venettozzi, 145 AD3d 1275, 1276 [2016], lv denied 29 NY3d 908 [2017]).
As to the possession of contraband charge, the tests on the white powdery substance for the presence of any controlled substances were inconclusive, and there is nothing in the record indicating that the substance was adequately identified. Inasmuch as the prohibition of contraband hinges on whether or not the item is authorized (see 7 NYCRR 270.2 [B] [14] [xiii]), and the substance here was not adequately identified, substantial evidence does not support a finding that the substance was unauthorized and, therefore, contraband (see Matter of Truman v Venettozzi, 156 AD3d 974, 975 [2017]; Matter of McCaskell v Rodriguez, 148 AD3d 1407, 1408 [2017]; cf. Matter of Jones v Venettozzi, 153 AD3d 1073, 1073 [2017]). Although we annul that part of the determination finding petitioner guilty of possessing contraband, the matter need not be remitted for a reassessment of the penalty on the remaining charge given that petitioner has already served the penalty and no loss of good time was imposed (see Matter of Stevens v Zenzen, 156 AD3d 1001, 1002 [2017]; Matter of Richardson v Annucci, 153 AD3d 1012, 1012 [2017]). Petitioner's remaining claims, including that he was denied a fair hearing, have been considered and found to be without merit.
McCarthy, J.P., Lynch, Clark, Mulvey and Pritzker, JJ., concur.
ADJUDGED that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of possessing contraband; petition granted to that extent and the Commissioner of Corrections and Community Supervision is directed to expunge all references to that charge from petitioner's institutional record; and, as so modified, confirmed.