Matter of Haigler v Lilley (2020 NY Slip Op 02345)





Matter of Haigler v Lilley


2020 NY Slip Op 02345


Decided on April 23, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 23, 2020

529594

[*1]In the Matter of Robert Haigler, Petitioner,
v
Lynn J. Lilley, as Superintendent of Woodbourne Correctional Facility, Respondent.

Calendar Date: March 20, 2020

Before: Garry, P.J., Egan Jr., Devine, Reynolds Fitzgerald and Colangelo, JJ.


Robert Haigler, Woodbourne, petitioner pro se.
Letitia James, Attorney General, Albany (Victor Paladino of counsel), for respondent.



Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Sullivan County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
While en route to breakfast in the presence of other inmates, petitioner, within a foot of a correction officer, engaged in a verbal altercation with that officer and disregarded the officer's initial directives to lower his voice and lock in. As a result of this incident, petitioner was charged in a misbehavior report with interfering with an employee and creating a disturbance. Following a tier II disciplinary hearing, petitioner was found guilty as charged, and a penalty was imposed. The determination was upheld on administrative appeal, and petitioner commenced this CPLR article 78 proceeding.
Initially, the Attorney General concedes, and we agree, that substantial evidence does not support that part of the determination finding petitioner guilty of interfering with an employee. Accordingly, we annul that part of the determination, and, given that petitioner has already served the penalty, which did not include a loss of good time, the matter need not be remitted for a redetermination thereof (see Matter of Parker v Annucci, 175 AD3d 1682, 1682-1683 [2019]; Matter of Genis v New York State Dept. of Correctional Servs., 80 AD3d 1032, 1032 [2011]; Matter of Valentino v Bezio, 72 AD3d 1376, 1376 [2010]).
As to the remaining charge of creating a disturbance, the misbehavior report and hearing testimony provide substantial evidence to support the determination of guilt (see Matter of Frye v Commissioner of the Dept. of Corr. & Community Supervision, 175 AD3d 1690, 1690 [2019]; Matter of Green v Kirkpatrick, 165 AD3d 1375, 1376 [2018], lv denied 32 NY3d 919 [2019]; Matter of Hale v Selsky, 57 AD3d 1136, 1137 [2008], lv dismissed 12 NY3d 776 [2009]). Petitioner's testimony that the misbehavior report was fabricated presented a credibility issue for the Hearing Officer to resolve (see Matter of Walker v Yelich, 170 AD3d 1358, 1360 [2019]; Matter of Canzater-Smith v Venettozzi, 150 AD3d 1518, 1518-1519 [2017]).
Turning to petitioner's procedural contentions, we reject petitioner's argument that he was denied his right to call an inmate witness at the hearing. The Hearing Officer properly determined that the inmate witness, whose testimony would have been redundant, was unavailable to testify (see Matter of Harris v Annucci, 145 AD3d 1293, 1294 [2016]; Matter of Osborne v Venettozzi, 141 AD3d 990, 991 [2016]). Finally, contrary to petitioner's claim that the Hearing Officer was biased, the record reflects that the hearing was conducted in a fair, deliberative and impartial manner, and we find that the determination of guilt flowed from the substantial evidence adduced at the hearing rather than from any alleged bias (see Matter of Woodward v Annucci, 175 AD3d 785, 787 [2019]; Matter of Nelson v Annucci, 172 AD3d 1806, 1807 [2019]). To the extent that petitioner's remaining contentions are properly before us, we have reviewed them and find them to be without merit.
Garry, P.J., Egan Jr., Devine, Reynolds Fitzgerald and Colangelo, JJ., concur.
ADJUDGED that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of interfering with an employee; petition granted to that extent and respondent is directed to expunge all references to this charge from petitioner's institutional record; and, as so modified, confirmed.