Matter of Green v Annucci (2020 NY Slip Op 05396)





Matter of Green v Annucci


2020 NY Slip Op 05396


Decided on October 2, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, CURRAN, AND BANNISTER, JJ.


820 TP 20-00253

[*1]IN THE MATTER OF TREMAINE GREEN, PETITIONER,
v
ANTHONY ANNUCCI, ACTING COMMISSIONER, NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, RESPONDENT. 






WYOMING COUNTY-ATTICA LEGAL AID BUREAU, WARSAW (LEAH R. NOWOTARSKI OF COUNSEL), FOR PETITIONER.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (MARTIN A. HOTVET OF COUNSEL), FOR RESPONDENT. 


 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Wyoming County [Michael M. Mohun, A.J.], entered February 11, 2020) to review a determination of respondent. The determination found after a tier III hearing that petitioner violated various inmate rules. 
It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.
Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination, following a tier III disciplinary hearing, that he violated various inmate rules while participating in a visitation session. Contrary to petitioner's contention, the determination is supported by substantial evidence (see generally Matter of Williams v Annucci, 162 AD3d 1530, 1531 [4th Dept 2018]; Matter of Richardson v Annucci, 153 AD3d 1012, 1012-1013 [3d Dept 2017]). Although petitioner also contends that a correction officer improperly terminated the visitation session, petitioner failed to raise that contention in his administrative appeal. Thus, petitioner failed to exhaust his administrative remedies with respect to that contention, and this Court lacks the discretionary authority to consider it (see Matter of Yarborough v Annucci, 164 AD3d 1667, 1668 [4th Dept 2018]).
Entered: October 2, 2020
Mark W. Bennett
Clerk of the Court