Matter of Soto v Robles (2020 NY Slip Op 06336)





Matter of Soto v Robles


2020 NY Slip Op 06336


Decided on November 5, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 5, 2020

531099

[*1]In the Matter of David Soto, Petitioner,
v
Mary E. Robles, as Senior Offender Rehabilitation Coordinator at Eastern Correctional Facility, et al., Respondents.

Calendar Date: October 9, 2020

Before: Mulvey, J.P., Aarons, Pritzker, Reynolds Fitzgerald and Colangelo, JJ.


David Soto, Napanoch, petitioner pro se.
Letitia James, Attorney General, Albany (Laura Etlinger of counsel), for respondents.



Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Superintendent of Eastern Correctional Facility finding petitioner guilty of violating certain prison disciplinary rules.
In November 2018, petitioner was advised that he needed to complete certain programming in order to remain eligible to participate in the family reunion program. During the course of an investigation, correction officials discovered that petitioner had signed callout sheets indicating that he reported to both the Narcotics Anonymous program and the Prisoners AIDS Counseling and Education program on a number of occasions in May and June 2019, even though these programs were conducted on the same evening. As a result, petitioner was charged in a misbehavior report with forgery, making a false statement and violating facility movement regulations. He was found guilty of these charges following a tier II disciplinary hearing and the determination was later affirmed on administrative appeal. This CPLR article 78 proceeding ensued.
Initially, respondents concede and we agree that substantial evidence does not support that part of the determination finding petitioner guilty of forgery (see e.g. Matter of Peters v Annucci, 177 AD3d 1055, 1055-1056 [2019]). Moreover, based upon our review of the record before us, we conclude that substantial evidence also does not support that part of the determination finding petitioner guilty of the other charges. Significantly, the author of the misbehavior report did not testify at the hearing. The testimony that was provided by the witnesses, including petitioner, established that the programs started at different times and that petitioner attended both, but left one early to attend the other. Petitioner's name and signature appeared on the call out sheets for the programs that he attended. No evidence was presented that petitioner was not authorized to attend both programs. Consequently, there no support for the finding that he provided false information to correction officials (see 7 NYCRR 270.2 [B] [8] [iii]) or that he violated facility movement regulations (see 7 NYCRR 270.2 [B] [10] [iii]). Therefore, the determination must be annulled in its entirety (see Matter of Simpson v Venettozzi, 152 AD3d 1105, 1105-1106 [2017]; Matter of Petty v Prack, 140 AD3d 1490, 1490-1491 [2016]). In view of our disposition, we need not address petitioner's remaining claims.
Mulvey, J.P., Aarons, Pritzker, Reynolds Fitzgerald and Colangelo, JJ., concur.
ADJUDGED that the determination is annulled, without costs, petition granted and respondent Superintendent of Eastern Correctional Facility is directed to expunge all references to this matter from petitioner's institutional record.