Matter of Dove v Annucci (2021 NY Slip Op 00351)





Matter of Dove v Annucci


2021 NY Slip Op 00351


Decided on January 21, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 21, 2021

531258

[*1]In the Matter of Donald M. Dove, Petitioner,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, et al., Respondents.

Calendar Date: January 4, 2021

Before: Garry, P.J., Lynch, Mulvey, Pritzker and Colangelo, JJ.


Donald M. Dove, Ossining, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondents.



Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review a determination of respondent Superintendent of Shawangunk Correctional Facility finding petitioner guilty of violating certain prison disciplinary rules.
In response to a medical emergency in the prison facility's kitchen, petitioner and several other inmates were given direct orders to clear the area. Petitioner refused multiple direct orders to do so and made sarcastic and/or dismissive comments causing other inmates in that area to stop, look and make comments. When the response team arrived in the kitchen, petitioner ultimately complied, and he was later confined. As a result of the incident, petitioner was charged in a misbehavior report with creating a disturbance, interfering with an employee and refusing a direct order. Following a tier II disciplinary hearing, petitioner was found guilty of the charges, and the determination was affirmed on administrative appeal, prompting this CPLR article 78 proceeding.
We confirm. The misbehavior report, together with the hearing testimony of the correction officer who endorsed that report and observed the incident, provide substantial evidence supporting the determination of guilt (see Matter of Steele v Annucci, 178 AD3d 1226, 1226-1227 [2019]; Matter of Martin v Goord, 36 AD3d 977, 977 [2007]). Petitioner's protestation of innocence and contention that the misbehavior report was retaliatory presented a credibility issue for the Hearing Officer to resolve (see Matter of Steele v Annucci, 178 AD3d at 1227; Matter of Bradshaw v Annucci, 163 AD3d 1380, 1381 [2018]). Petitioner's remaining contentions are either unpreserved for our review or insufficient to persuade us to disturb the determination at issue.
Garry, P.J., Lynch, Mulvey, Pritzker and Colangelo, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.