Matter of Hogan v Thompson (2022 NY Slip Op 02470)

Matter of Hogan v Thompson

2022 NY Slip Op 02470

Decided on April 14, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 14, 2022

533334
[*1]In the Matter of John Hogan, Petitioner,
v
James Thompson, as Superintendent of Collins Correctional Facility, Respondent.

Calendar Date:March 18, 2022

Before:Garry, P.J., Egan Jr., Clark, Aarons and Colangelo, JJ.

John Hogan, Collins, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating a prison disciplinary rule.
Petitioner was charged in a misbehavior report with fighting and creating a disturbance. Following a tier II disciplinary hearing, petitioner was found guilty of creating a disturbance and not guilty of the remaining charge, and a penalty was imposed. Upon administrative review, the finding of guilt was affirmed, and petitioner thereafter commenced this CPLR article 78 proceeding to challenge respondent's determination.
Petitioner primarily contends that the determination finding him guilty of creating a disturbance is not supported by substantial evidence. We agree. Pursuant to the relevant regulations, an incarcerated individual "shall not engage in conduct which disturbs the order of any part of the facility" (7 NYCRR 270.2 [B] [5] [iv]). Such disruptive conduct includes, as relevant here, "loud talking in a mess hall, program area or corridor" (7 NYCRR 270.0 [B] [5] [iv]). The misbehavior report, which was the sole evidence relied upon by the Hearing Officer, provided, in relevant part, that petitioner was observed "arguing" with another incarcerated individual "in the dorm hallway . . ., which drew the attention of the [incarcerated individuals] nearby." The misbehavior report does not reflect that petitioner was screaming (compare Matter of Berrian v Goord, 288 AD2d 670, 671 [2001]) or otherwise speaking in a loud or boisterous manner (compare Matter of Caraway v Annucci, 190 AD3d 1198, 1198-1199 [2021]; Matter of Wright v Goord, 284 AD2d 688, 688 [2001]), nor does it establish that petitioner's behavior triggered an affirmative response on the part of the incarcerated individuals observing the alleged argument (compare Matter of Dove v Annucci, 190 AD3d 1181, 1181 [2021], lv denied 37 NY3d 909 [2021]). Similarly, petitioner was found not guilty of fighting, and there were no other established disciplinary infractions that would give rise to a reasonable inference that his conduct was disruptive (compare Matter of Snyder v Annucci, 188 AD3d 1346, 1346-1347 [2020]). In short, as the misbehavior report fails to identify the manner in which petitioner's conduct disturbed the order of the facility, we cannot say that respondent's determination is supported by substantial evidence (see Matter of Petty v Prack, 140 AD3d 1490, 1490-1491 [2016]; Matter of Lewis v Lee, 138 AD3d 746, 747 [2016]; Matter of Williams v Fischer, 69 AD3d 1278, 1278 [2010]). Accordingly, the determination must be annulled. In light of this conclusion, we need not reach the remaining arguments raised by petitioner.
Garry, P.J., Egan Jr., Clark, Aarons and Colangelo, JJ., concur.
ADJUDGED that the determination is annulled, without costs, petition granted to said extent, and respondent is directed to expunge all references to this [*2]matter from petitioner's institutional record.