Matter of Ramos v Annucci (2022 NY Slip Op 05255)

Matter of Ramos v Annucci

2022 NY Slip Op 05255

Decided on September 22, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 22, 2022

535022
[*1]In the Matter of Gregory Ramos, Petitioner,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, et al., Respondents.

Calendar Date:September 2, 2022

Before:Garry, P.J., Clark, Aarons, Fisher and McShan, JJ.

Gregory Ramos, Dannemora, petitioner pro se.
Letitia James, Attorney General, Albany (Martin A. Hotvet of counsel), for respondents.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Clinton County) to review a determination of respondent Superintendent of Clinton Correctional Facility finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in a misbehavior report with refusing a direct order, refusing to produce his facility identification card and creating a disturbance. The charges stemmed from a verbal exchange between petitioner and a correction officer in the prison commissary bullpen. At the conclusion of the tier II disciplinary hearing that followed, petitioner was found guilty of all charges and a penalty was imposed. Petitioner's administrative appeal was unsuccessful, prompting him to commence this CPLR article 78 proceeding to challenge the determination of guilt.
The misbehavior report — standing alone — is sufficient to establish that petitioner refused a direct order to stop talking to another incarcerated individual and failed to produce his identification card at the correction officer's request (see Matter of Green v Kirkpatrick, 167 AD3d 1138, 1139 [3d Dept 2018], lv denied 32 NY3d 919 [2019]). Additionally, petitioner's own testimony demonstrates that the request for his identification card was part and parcel of the correction officer's alleged insistence that petitioner's commissary purchase be refunded — a transaction that petitioner admittedly refused to facilitate. The fact that petitioner deemed the correction officer's order to be unreasonable did not excuse his failure to obey it (see Matter of Wilson v Annucci, 205 AD3d 1163, 1164-1165 [3d Dept 2022]; Matter of Johnson v Duncan, 303 AD2d 811, 812 [3d Dept 2003], lv denied 100 NY2d 515 [2003]).
As to the remaining charge, we agree with petitioner that substantial evidence was lacking to support the charge of creating a disturbance (see Matter of Hogan v Thompson, 204 AD3d 1201, 1202 [3d Dept 2022]; see generally Matter of Richardson v Annucci, 153 AD3d 1012, 1012 [3d Dept 2017]). As relevant here, an incarcerated individual "shall not engage in conduct which disturbs the order of any part of the facility . . .[, which] includes . . . loud talking in a mess hall, program area or corridor" (7 NYCRR 270.2 [B] [5] [iv]). The misbehavior report stated that petitioner was talking to another incarcerated individual and that, after refusing to produce his identification card to a correction officer, "the other 38 [incarcerated individuals] began to take notice." However, the video of the incident does not reflect that petitioner's conduct disturbed the order of the commissary bullpen area(see 7 NYCRR 270.2 [B] [5] [iv]), nor did it demonstrate that he was engaging in loud talk or other misconduct indicative of a disruption (see Matter of Hogan v Thompson, 204 AD3d at 1202; Matter of Williams v Fischer, 69 AD3d 1278, 1278 [3d Dept 2010]). On this record, we cannot say that respondent's determination is [*2]supported by substantial evidence (see Matter of Hogan v Thompson, 204 AD3d at 1202; Matter of Richardson v Annucci, 153 AD3d at 1012; Matter of Petty v Prack, 140 AD3d 1490, 1491 [3d Dept 2016]). Accordingly, we annul that part of the determination and direct that all references to such charge be expunged from petitioner's institutional record (see Matter of Haigler v Lilley, 182 AD3d 888, 889 [3d Dept 2020]; Matter of Parker v Annucci, 175 AD3d 1682, 1683 [3d Dept 2019]). As petitioner has served the administrative penalty imposed, which did not include a loss of good time, we need not remit this matter for a redetermination of the penalty (see Matter of Haigler v Lilley, 182 AD3d at 889). Petitioner's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Garry, P.J., Clark, Aarons, Fisher and McShan, JJ., concur.
ADJUDGED that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of creating a disturbance; petition granted to that extent and respondents are directed to expunge all references to this charge from petitioner's institutional record; and, as so modified, confirmed.