Matter of Waters v Annucci (2024 NY Slip Op 01365)

Matter of Waters v Annucci

2024 NY Slip Op 01365

Decided on March 14, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 14, 2024

CV-23-0449
[*1]In the Matter of Isiah Waters, Petitioner,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, et al., Respondents.

Calendar Date:February 9, 2024

Before:Egan Jr., J.P., Clark, Lynch, Reynolds Fitzgerald and Fisher, JJ.

Isiah Waters, Woodbourne, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondents.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Acting Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner, an incarcerated individual, was charged in a misbehavior report with refusing a direct order, creating a disturbance, interfering with an employee, violating a movement regulation, making threats and demonstrating. According to the misbehavior report, while being escorted to the mess hall with a large group of incarcerated individuals, petitioner was ordered to step out of the line, at which time petitioner made hand gestures to the rest of the group of incarcerated individuals to stop, which the group did. Petitioner then stated to a correction officer, "What are you trying to do? You are outnumbered." Petitioner then refused a direct order to continue to the mess hall before complying with a second order to continue with the group toward the mess hall. Following a tier III disciplinary hearing, petitioner was found not guilty of demonstrating and making threats but guilty of refusing a direct order, creating a disturbance, interfering with an employee and violating a movement regulation. Upon administrative review, the determination was affirmed. Petitioner thereafter commenced this CPLR article 78 proceeding seeking to annul the determination.
We confirm. Contrary to petitioner's contention, the misbehavior report and hearing testimony, including the testimony from the author of the misbehavior report, provide substantial evidence to support the determination of guilt (see Matter of Dove v Annucci, 190 AD3d 1181, 1181-1182 [3d Dept 2021], lv denied 37 NY3d 909 [2021]; Matter of Steele v Annucci, 178 AD3d 1226, 1226 [3d Dept 2019]; Matter of Barclay v Goord, 23 AD3d 862, 862 [3d Dept 2005], lvs denied 6 NY3d 705, 710 [2006]). "The contrary testimony of petitioner and his witnesses presented credibility issues for the Hearing Officer to resolve" (Matter of Santos v Annucci, 209 AD3d 1084, 1085 [3d Dept 2022] [citations omitted]). Moreover, there was nothing inconsistent about finding petitioner not guilty of making threats and demonstrating, but guilty of the remaining charges, as the charges did not depend on each other (see Matter of Caraway v Annucci, 159 AD3d 1212, 1212 [3d Dept 2018]; cf. Matter of Davis v Annucci, 137 AD3d 1437, 1438 [3d Dept 2016]). Petitioner's remaining procedural contentions, to the extent that they are preserved for our review, have been examined and lack merit.
Egan Jr., J.P., Clark, Lynch, Reynolds Fitzgerald and Fisher, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.