Matter of Hone v McIntosh (2026 NY Slip Op 00412)

Matter of Hone v McIntosh

2026 NY Slip Op 00412

Decided on January 29, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 29, 2026

CV-24-0520
[*1]In the Matter of James A. Hone, Petitioner,
vDonita McIntosh, as Superintendent of Clinton Correctional Facility, Respondent.

Calendar Date:January 2, 2026

Before:Garry, P.J., Reynolds Fitzgerald, Ceresia, Powers and Corcoran, JJ.

James A. Hone, Dannemora, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Clinton County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in a misbehavior report with harassment, creating a disturbance and refusing a direct order. According to the author of the misbehavior report, while she was speaking with petitioner about his assigned duty, petitioner raised his voice and yelled at her, which caused three other incarcerated library clerks to stop what they were doing and watch the incident. Following a tier II disciplinary hearing, petitioner was found guilty of creating a disturbance and refusing a direct order, resulting in the imposition of a 15-day penalty of loss of package and commissary privileges and petitioner being referred to the program committee. That determination was affirmed on administrative appeal, prompting this CPLR article 78 proceeding.
Initially, respondent concedes, and our review of the record confirms, that substantial evidence does not support finding petitioner guilty of refusing a direct order, and, as such, we annul that part of the determination (see Matter of Stevens v Zenzen, 156 AD3d 1001, 1002 [3d Dept 2017]; Matter of Medina v Five Points Corr. Facility, 153 AD3d 1471, 1472 [3d Dept 2017]). Because no loss of good time was imposed and petitioner has served the penalty, the matter need not be remitted for reassessment of the penalty imposed (see Matter of Johnson v Howard, 236 AD3d 1226, 1227 [3d Dept 2025]; Matter of Pleasant v Shope, 233 AD3d 1156, 1157 [3d Dept 2024]). For the same reason, petitioner's challenge to the severity of the penalty imposed is academic (see Matter of Pleasant v Shope, 233 AD3d at 1157).
As to the remaining charge of creating a disturbance, we initially are unpersuaded upon our review of the record that there are significant gaps in the hearing transcript that preclude meaningful judicial review (see Matter of Olukotun-Williams v Gardner, 221 AD3d 1164, 1165 [3d Dept 2023], lv denied 42 NY3d 902 [2024]; compare Matter of Pierre v Annucci, 226 AD3d 1272, 1273 [3d Dept 2024]). As to the merits, contrary to petitioner's contention, the misbehavior report and testimony at the hearing provide substantial evidence to support the determination of guilt (see People ex rel. Vega v Smith, 66 NY2d 130, 139-140 [1985]; Matter of Haigler v Lilley, 182 AD3d 888, 889 [3d Dept 2020]). To the extent that petitioner denied the reported conduct and maintained that the misbehavior report was in retaliation for a complaint he filed the previous day, this created a credibility issue for the Hearing Officer to resolve (see Matter of Keitt v Annucci, 231 AD3d 1455, 1456 [3d Dept 2024], lv denied 43 NY3d 906 [2025]; Matter of Smith v Annucci, 217 AD3d 1306, 1306 [3d Dept 2023]).
Petitioner's procedural challenges, including those pertaining to employee assistance, review of video evidence and alleged intimidation by the Hearing Officer regarding the presentation of a witness, are unpreserved for our review as they were not timely raised at the hearing or on administrative review (see Matter of Williams v Martuscello, 241 AD3d 1660, 1661 [3d Dept 2025]; Matter of Pleasant v Shope, 233 AD3d at 1158; Matter of Allen v Goord, 4 AD3d 635, 637 [3d Dept 2004]). To the extent that petitioner alleges discriminatory treatment and conduct by correctional facility staff, such issues are more appropriately raised through the grievance process (see generally Matter of Wilson v Annucci, 205 AD3d 1163, 1164-1165 [3d Dept 2022]; Matter of Govia v New York State Dept. of Corr. & Community Supervision, 171 AD3d 1323, 1324-1325 [3d Dept 2019]).
Garry, P.J., Reynolds Fitzgerald, Ceresia, Powers and Corcoran, JJ., concur.
ADJUDGED that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of refusing a direct order; petition granted to that extent; respondent is directed to expunge all references to said charge from petitioner's institutional record; and, as so modified, confirmed.