Matter of Gilbert v Martuscello (2026 NY Slip Op 01897)

Matter of Gilbert v Martuscello

2026 NY Slip Op 01897

Decided on March 27, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to
revision before publication in the Official Reports.

Decided on March 27, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CURRAN, J.P., MONTOUR, SMITH, OGDEN, AND DELCONTE,
JJ.

189 TP 25-01430

[*1]IN THE MATTER OF IVAN GILBERT, PETITIONER,
vDANIEL F. MARTUSCELLO, III, ACTING COMMISSIONER,
NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY
SUPERVISION, RESPONDENT. 

WYOMING COUNTY-ATTICA LEGAL AID BUREAU, WARSAW (LEAH R.
NOWOTARSKI OF COUNSEL), FOR PETITIONER. 
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (WILLIAM M. HAYES OF
COUNSEL), FOR RESPONDENT. 

 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of
the Supreme Court in the Fourth Judicial Department by order of the Supreme Court,
Wyoming County [Donald O'Geen, A.J.], entered August 18, 2025) to review a
determination of respondent. The determination found after a tier III hearing that
petitioner had violated various incarcerated individual rules. 
It is hereby ORDERED that the determination is unanimously confirmed without
costs and the petition is dismissed.
Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to
annul a determination, following a tier III disciplinary hearing, that he violated
incarcerated individual rules 101.10 (7 NYCRR 270.2 [B] [2] [i] [sex offense]) and
180.10 (7 NYCRR 270.2 [B] [26] [i] [facility visitation violation]). Contrary to
petitioner's contention, the determination is supported by substantial evidence, i.e., "such
relevant proof as a reasonable mind may accept as adequate to support a conclusion or
ultimate fact" (Matter of Bottom
v Annucci, 26 NY3d 983, 984-985 [2015] [internal quotation marks omitted]; see Matter of Derby v Annucci,
227 AD3d 1413, 1414 [4th Dept 2024]). Specifically, the misbehavior report and
video of the relevant incident reviewed by the hearing officer constitute substantial
evidence to support the determination (see generally Derby, 227 AD3d at 1414;
Matter of Hood v Fischer,
100 AD3d 1122, 1123-1124 [3d Dept 2012]).
Entered: March 27, 2026
Ann Dillon Flynn
Clerk of the Court