■ In the Matter of RICHARD DE GRIJZE, Appellant, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [759 NYS2d 570] —Cardona, P.J. Appeal from a judgment of the Supreme Court (Benza, J.), entered June 20, 2002 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Commissioner of Correctional Services finding petitioner guilty of violating a prison disciplinary rule.

Petitioner worked as a prison law clerk at a state correctional facility. On April 13, 2001, he was served with an inmate counseling notification alleging that he put inappropriate material on a word processing disk. On April 16, 2001, he was served with a misbehavior report charging him with refusing a direct order, misusing state property and soliciting services based upon his use of the word processing disk for personal matters. The misbehavior report alleged that petitioner violated the word processor disk protocol and the inmate law clerk agreement. Following a tier III disciplinary hearing, he was found guilty of refusing a direct order and misusing state property. Upon administrative appeal, petitioner was found guilty only of the latter charge. He thereafter commenced this CPLR article 78 proceeding and, after ruling upon various questions of law raised by petitioner, Supreme Court dismissed the petition.

Initially, petitioner asserts that the misbehavior report did not properly specify "the date, time and place of the incident" as required by 7 NYCRR 251-3.1 (c) (3) because it did not set forth the date upon which he allegedly placed the letter onto the disk. We find this contention unpersuasive. Considering that the disk was discovered as part of a routine check of disks used by inmates and that the misbehavior report set forth the date of discovery, detailed the contents of the disk and specified its violation of both the word processing disk protocol and the inmate law clerk agreement, it gave petitioner sufficient notice of the charges *(see Matter of Shannon v Goord,* 282 AD2d 909, 910 [2001]; *Matter of Moore v Goord,* 279 AD2d 682, 683 [2001]; *see also Matter of Abdur-Raheem v Mann,* 85 NY2d 113, 123 [1995]).

Petitioner further claims that the imposition of a counseling notification and disciplinary determination upon him for the same conduct violated his constitutional right against double jeopardy. As the Court of Appeals noted in *People v Vasquez* (89 NY2d 521, 532 [1997], *cert denied sub nom. Cordero v Lalor,* 522 US 846 [1997]), sanctions imposed in the context of prison disciplinary proceedings "do not constitute criminal punishment triggering double jeopardy protections." In any event, it is not clear that the inmate counseling notification bore any punitive consequences. Therefore, we find no proof that petitioner's rights have been violated.

We have considered petitioner's remaining contentions and, to the extent they have been preserved for our review, find them to be without merit.

Crew III, Peters, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.