■ In the Matter of MATTHEW PANTE, Now Known as MARK WOLF, Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [902 NYS2d 684]—

Appeal from a judgment of the Supreme Court (McDonough, J.), entered April 25, 2007 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

After he was accused of smoking in the shower room, petitioner struck a correction officer in the face. Petitioner was subsequently charged in a misbehavior report with assault, creating a disturbance, refusing a direct order and smoking in an unauthorized area. Following a tier III disciplinary hearing, petitioner was found not guilty of refusing a direct order and guilty of the remaining charges. This determination was affirmed on administrative appeal and petitioner thereafter commenced this CPLR article 78 proceeding. Supreme Court dismissed the petition, and petitioner now appeals.

We affirm. Contrary to petitioner's contention, he was not improperly denied the right to call both a representative from the Inspector General's office and the facility superintendent as witnesses as neither individual had personal knowledge of the incident in question (*see Matter of Lozada v Cook*, 67 AD3d 1232, 1233 [2009], *lv denied* NY3d 706 [2010]). Further, the requested testimony concerning the investigation by the Inspector General's office into an alleged assault of petitioner by correction officers at another facility, and the effect that incident had on the mental health of petitioner, would have been redundant as the written report of that investigation was read into the record and the Hearing Officer took confidential testimony concerning petitioner's mental health status from a representative from the Office of Mental Health (*see Matter of Scott v Fischer*, 57 AD3d 1035, 1036 [2008], *lv denied* 12 NY3d 705 [2009].

We also reject petitioner's claim that his due process rights were violated because the misbehavior report was not endorsed by every correction officer having personal knowledge of the incident. Inasmuch as all the officers involved testified at the hearing, we discern no prejudice to petitioner (*see Matter of Hernandez v Selsky*, 50 AD3d 1340, 1340-1341 [2008]; *Matter of Davis v Goord*, 21 AD3d 606, 609 [2005]). Further, we conclude that the misbehavior report provided petitioner with adequate notice of the charges to allow him to prepare a defense (*see Matter of Hernandez v Fischer*, 67 AD3d 1225, 1226 [2009]). Finally, petitioner's claim that the Hearing Officer failed to consider petitioner's mental health status is without merit, given the confidential testimony concerning this matter from a representative with the Office of Mental Health (*see Matter of Triplett*

*v Fischer*, 54 AD3d 1075, 1076 [2008]). Petitioner's remaining contentions have been examined and found to be unavailing.

Peters, J.P., Rose, Malone Jr., Stein and McCarthy, JJ., concur. Ordered that the judgment is affirmed, without costs.