█ In the Matter of STEPHEN J. MATTHEWS, Petitioner, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [971 NYS2d 367]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

During a search of petitioner's cell, a correction officer found a number of prohibited items, including a pair of tweezers that had sharpened ends. As a result, petitioner was charged in a misbehavior report with possessing a weapon, possessing contraband, possessing an article in a prohibited area and possessing an altered item. He was found guilty of the charges at the conclusion of a tier III disciplinary hearing and the determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.

Petitioner argues, among other things, that substantial evidence does not support that part of the determination finding him guilty of possessing a weapon. We disagree. The misbehavior report, testimony of its author and photograph of the tweezers recovered supports the determination of guilt (*see Matter of Walker v Fischer*, 107 AD3d 1273, 1273 [2013]; *Matter of Spears v Fischer*, 103 AD3d 1135, 1136 [2013]). Contrary to petitioner's claim, the photograph discloses that the ends of the tweezers were sharpened to a point such as to resemble a weapon. Moreover, to the extent that petitioner's claim of hearing officer bias is properly before us, we find nothing in the record to substantiate it or to indicate that the determination flowed from any alleged bias (*see Matter of Tinker v Bezio*, 106 AD3d 1356, 1356 [2013]; *Matter of Procopio v Fischer*, 100 AD3d 1292, 1293 [2012]). As for petitioner's assertion that the Hearing Officer failed to make a proper inquiry into his mental state (*see* 7 NYCRR 254.6 [b] [1]), he failed to preserve this claim by raising it at the hearing and, in any event, there is nothing in the record to suggest that his mental state was in issue (*see Matter of Hill v Smith*, 73 AD3d 1418, 1419 [2010]).

Peters, P.J., Rose, Spain and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.