In the Matter of JEAN TOUTPUISSANT, Petitioner, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [983 NYS2d 701]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

As the result of an investigation conducted by the Inspector General's office concerning petitioner's involvement in a fraudulent tax scheme, his property was searched and correction officials discovered that, among other things, he was in possession of a tax document that contained the personal information of a third party. As a consequence of this activity, he was charged in a misbehavior report with engaging in an unauthorized exchange, making a false statement, smuggling, violating facility correspondence procedures, possessing contraband and solicitation. He was found guilty of the charges following a tier III disciplinary hearing* and the determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.

Initially, respondent concedes that that part of the determination finding petitioner guilty of engaging in an unauthorized exchange, making a false statement, smuggling, violating facility correspondence procedures and solicitation cannot be upheld because petitioner was improperly denied the right to call certain witness and to listen to telephone tape recordings in the presence of a translator. Based upon our review of the record,

---

* Such determination was made after a prior disciplinary determination was reversed and a rehearing was conducted.

we agree and conclude that that part of the determination must be annulled. Inasmuch as a loss of good time was imposed, however, the matter must be remitted for a redetermination of the penalty (*see Matter of Canzater-Smith v Selsky*, 28 AD3d 899, 899-900 [2006]; *Matter of Fernandez v Goord*, 27 AD3d 806, 806 [2006]).

Turning to the only charge remaining, possession of contraband, substantial evidence consisting of the misbehavior report, related documentation and testimony considered by the Hearing Officer at the hearing and in camera supports that part of the determination finding petitioner guilty of this charge (*see Matter of Acosta v Fischer*, 98 AD3d 1170, 1171 [2012]; *Matter of Reddick v Goord*, 43 AD3d 503 [2007]). Contrary to petitioner's claim, we find nothing in the record to indicate that the Hearing Officer was biased or that the determination flowed from any alleged bias (*see Matter of Madden v Griffin*, 109 AD3d 1060, 1062 [2013], *lv denied* 22 NY3d 860 [2014]; *Matter of Matthews v Fischer*, 109 AD3d 1038 [2013]). Petitioner's remaining claims are either unpreserved for our review, lacking in merit or need not be addressed in view of our disposition.

Lahtinen, J.P., McCarthy, Garry and Egan Jr., JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of engaging in an unauthorized exchange, making a false statement, smuggling, violating facility correspondence procedures and solicitation and imposed a penalty; petition granted to that extent, respondent is directed to expunge all references thereto from petitioner's institutional record, and matter remitted to respondent for an administrative redetermination of the penalty on the remaining violation; and, as so modified, confirmed.