*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:    April 16, 2015                    519478
_____

In the Matter of ANTHONY
    MEDINA,
                        Appellant,
        v                                      MEMORANDUM AND ORDER

ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
                        Respondent.
_____


Calendar Date:   February 24, 2015

Before:   Garry, J.P., Rose, Lynch and Clark, JJ.

                        _____


        Anthony Medina, Romulus, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (Peter H.
Schiff of counsel), for respondent.


                        _____


        Appeal from a judgment of the Supreme Court (Weinstein,
J.), entered June 20, 2014 in Albany County, which dismissed
petitioner's application, in a proceeding pursuant to CPLR
article 78, to review a determination of respondent which found
petitioner guilty of violating certain prison disciplinary rules.

        After he refused several orders to enter his cell and made
threatening comments to a correction sergeant, petitioner was
charged in a misbehavior report with refusing a direct order,
making threats, an inmate movement violation and interference
with an employee.  Petitioner was found guilty as charged
following a tier III disciplinary hearing and that determination
was upheld on administrative review.  He advanced several
procedural challenges to the determination in this CPLR article

78 proceeding.  Supreme Court dismissed the petition following joinder of issue, and petitioner appeals.

We affirm.  Petitioner was properly removed from the hearing after he became disruptive and, indeed, demanded to return to his cell (see Matter of Sabino v Prack, 101 AD3d 1202, 1203 [2012]).  The Hearing Officer thereafter conducted an appropriate assessment of petitioner's mental state and ability to participate in the hearing via confidential testimony (see id.; Matter of Pante v Goord, 73 AD3d 1394, 1395 [2010]).  In light of that confidential testimony, the Hearing Officer did not err in refusing to call a requested witness who would have provided redundant testimony regarding petitioner's mental state (see Matter of Pante v Goord, 73 AD3d at 1395).  Petitioner's remaining contentions have been considered and found to lack merit.

Garry, J.P., Rose, Lynch and Clark, JJ., concur.


ORDERED that the judgment is affirmed, without costs.




ENTER:



Robert D. Mayberger
Clerk of the Court