*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 3, 2016                    521259
_____

In the Matter of STANLEY
    HOWARD,
                        Petitioner,

          v                                    MEMORANDUM  AND  JUDGMENT

ALBERT PRACK, as Director of
    Special Housing and Inmate
    Disciplinary Programs,
    et al.,
                        Respondents.
_____


Calendar Date:  January 19, 2016

Before:  McCarthy, J.P., Garry, Egan Jr. and Devine, JJ.

                         _____


        Stanley Howard, Pine City, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J.
Mastracco of counsel), for respondents.

                         _____


        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of the Commissioner of Corrections and
Community Supervision finding petitioner guilty of violating a
prison disciplinary rule.

        Petitioner was charged in a misbehavior report with drug
use after his urine twice tested positive for THC.  At the outset
of the subsequent tier III disciplinary hearing, petitioner
pleaded guilty to the charge with an explanation, contending that
the drugs were used in order to help him cope with certain mental
health issues.  Following the hearing, petitioner was found
guilty as charged and this determination was affirmed on

administrative appeal.  This CPLR article 78 proceeding followed.

Initially, petitioner's challenge to the sufficiency of the evidence supporting the determination of guilt is precluded by his guilty plea (see Matter of Campbell v Bedard, 123 AD3d 1278, 1278 [2014]; Matter of Ramos v Annucci, 121 AD3d 1486, 1486 [2014]).  Further, contrary to petitioner's contention that his administrative appeal was not determined within 60 days as required by 7 NYCRR 254.8, the record reflects that the appeal was received by the Department of Corrections and Community Supervision on April 22, 2014 and decided on June 13, 2014.  Even if we credit petitioner's claim that he mailed his appeal on December 20, 2013, the 60-day time period is directory, rather than mandatory, and petitioner has not demonstrated that any alleged delay resulted in substantial prejudice to his case (see Matter of Austin v Fischer, 70 AD3d 1074, 1074-1075 [2010]; Matter of Goberdhan v Goord, 7 AD3d 897, 897-898 [2004]).

Respondents concede, however, and we agree, that petitioner's mental health status was at issue and the Hearing Officer erred in not taking testimony from Office of Mental Health (hereinafter OMH) personnel regarding petitioner's mental condition (see 7 NYCRR 254.6 [c]).  Although a therapist from OMH that petitioner had requested refused to testify, the Hearing Officer was obligated to interview, out of petitioner's presence, an OMH clinician "as may be available" concerning petitioner's mental condition (7 NYCRR 254.6 [c] [3]; see Matter of Lashway v Fisher, 110 AD3d 1420, 1420 [2013]).  Here, the Hearing Officer made no effort to ascertain the testimony of the therapist, or any other clinician at OMH, outside the presence of petitioner. Under the circumstances presented herein, the proper remedy for the Hearing Officer's failure to satisfy his obligations under 7 NYCRR 254.6 (b) is a new hearing to address petitioner's mental health status (see Matter of Rosado v Kuhlmann, 164 AD2d 199, 200-201 [1990], lv denied 77 NY2d 806 [1991]).

McCarthy, J.P., Garry, Egan Jr. and Devine, JJ., concur.

ADJUDGED that the determination is annulled, without costs, and matter remitted to the Commissioner of Corrections and Community Supervision for further proceedings not inconsistent with this Court's decision.


ENTER:

Robert D. Mayberger
Clerk of the Court