■ In the Matter of LEONIDAS SIERRA, Petitioner, v DONALD VENETTOZZI, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [60 NYS3d 702]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in a misbehavior report with making threats and violent conduct after he confronted a correction sergeant about a recent misbehavior report written against him. When the sergeant advised him that he could address any issues at the hearing on the earlier misbehavior report, petitioner, a known gang leader, replied, "I'm doing life. I don't care. If staff want to play, when they come in they will be going to the outside hospital. I have people around places. My arms are [as] extended on the inside as they are on the outside." Following a tier III disciplinary hearing, at which petitioner pleaded guilty to both charges with an explanation, he was found guilty of the charges, and the determination was upheld on administrative appeal. This CPLR article 78 proceeding ensued.

We confirm. Petitioner's contention that the record lacks substantial evidence to support the charges is precluded by his guilty plea (*see Matter of Howard v Prack*, 137 AD3d 1360, 1360 [2016]; *Matter of Medina v Venettozzi*, 127 AD3d 1482, 1482 [2015]) and, in any event, the detailed misbehavior report documenting the incident, by itself, provided substantial evidence to support the charges (*see Matter of Williams v Kirkpatrick*, 153 AD3d 996, 996 [2017]). Petitioner's exculpatory explanation, that his remarks were misinterpreted, created a credibility issue for the Hearing Officer to resolve (*see Matter of Legeros v Annucci*, 147 AD3d 1175, 1176 [2017]).

Petitioner's contentions that, due to mental illness and other factors, his guilty plea was not voluntary and had been coerced were not raised at the hearing and he did not request any witnesses to support them, and the record—including the psychiatric evaluations completed just prior to and after this incident—fails to support these claims (*see Matter of Fero v Prack*, 108 AD3d 996, 997 [2013]; *Matter of Almonte v Fischer*, 70 AD3d 1156, 1157 [2010], *lv denied* 14 NY3d 709 [2010]; *Matter of Thorpe v Fischer*, 53 AD3d 1003, 1004 [2008]; *compare Matter of Howard v Prack*, 137 AD3d at 1361). With regard to his claim that the Hearing Officer failed to inquire about his mental state (*see* 7 NYCRR 254.6 [b] [1]; [c]), petitioner likewise failed to raise this claim at the hearing, and there is nothing in the record to support the claim that his mental state was in issue at the time of the incident or at the hearing (*see Matter of Matthews v Fischer*, 109 AD3d 1038, 1038 [2013]).

Petitioner's claim that he was denied the right to present certain evidence at the hearing is unpreserved, as he failed to raise this issue at the hearing when it could have been addressed, even after the Hearing Officer advised him of his right to present evidence, which he indicated he understood (*see Matter of Miller v Venettozzi*, 149 AD3d 1451, 1452 [2017]; *Matter of Olibencia v New York State Dept. of Corr. & Community Supervision*, 131 AD3d 1318, 1318 [2015]; *Matter of Abrams v Fischer*, 109 AD3d 1030, 1031 [2013]). Petitioner's remaining claims, to the extent preserved for our review, have been examined and found to be without merit.

Garry, J.P., Egan Jr., Lynch, Mulvey and Aarons, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.