■ In the Matter of MICHAEL HILL, Appellant, v ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent. [64 NYS3d 384]—

Appeal from a judgment of the Supreme Court (Hayden, J.), entered September 27, 2016 in Chemung County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

Based on allegations that petitioner assaulted a correction lieutenant conducting a tier II disciplinary hearing, petitioner was charged in a misbehavior report with assaulting staff, violent conduct, interfering with an employee and refusing a direct order. After a tier III disciplinary hearing, petitioner was found guilty of assaulting staff and violent conduct and other charges were dismissed. After his administrative appeal was rejected, petitioner commenced this CPLR article 78 proceeding, and Supreme Court dismissed the petition. Petitioner now appeals.

Petitioner was not improperly denied the right to call an inmate witness who, according to him, would have testified that a correction officer teased petitioner about being subdued after he had assaulted an officer; the incident that petitioner claimed that the inmate had observed was not relevant to whether petitioner committed the underlying assault (*see Matter of Miller v Annucci*, 131 AD3d 1304, 1305 [2015]; *Matter of White v Fischer*, 108 AD3d 891, 892 [2013], *lv denied* 22 NY3d 853 [2013]). Moreover, petitioner did not object to the fact that he was not present when the Hearing Officer questioned inmate witnesses at a different facility by phone, and that, therefore, he was only able to listen to a recording of those interviews. Thus, we cannot conclude that petitioner was improperly denied those witnesses (*see Matter of McDonald v Fischer*, 93 AD3d 969, 969 [2012]). Next, petitioner initially objected to the fact that he was not present when the Hearing Officer interviewed a nurse and asked her questions that petitioner had previously articulated that he wanted her to answer, and, instead, he only listened to a recording of that interview. However, given that petitioner was unable to articulate, when asked, any additional relevant questions that he wanted the nurse to answer, any further testimony from the nurse would have been redundant (*see Matter of Medina v Annucci*, 127 AD3d 1456, 1456 [2015]; *Matter of H'Shaka v Fischer*, 121 AD3d 1455, 1456 [2014], *lv denied* 24 NY3d 913 [2015]). Moreover, although petitioner requested a "mental health" witness on his employee assistant request form, given that he never actually requested a specific witness in this regard at the hearing, petitioner failed to preserve his argument that he was denied a mental health witness (*see Matter of Frazier v Artus*, 40 AD3d 1288, 1288 [2007]; *Matter of Colon v Goord*, 11 AD3d 839, 840 [2004]).

Next, as petitioner has not shown that he was entitled to any additional relevant documentary evidence that he alleges his employee assistant failed to acquire, or that he was otherwise prejudiced by the alleged deficiencies of the assis-

tant, the record does not establish that he was denied adequate employee assistance (*see Matter of Taylor v Annucci*, 140 AD3d 1433, 1434 [2016]; *Matter of West v Costello*, 270 AD2d 673, 674 [2000]). Moreover, the Hearing Officer was not rendered unqualified to preside over the hearing merely because petitioner had named him in grievances and lawsuits (*see Matter of Burgess v Goord*, 34 AD3d 948, 949 [2006], *lv denied* 8 NY3d 813 [2007]) and, otherwise, the record does not indicate that the Hearing Officer was biased or that the determination flowed from any bias (*see Matter of Toutpuissant v Fischer*, 116 AD3d 1276, 1277 [2014], *appeal dismissed* 24 NY3d 944 [2014]; *Matter of Williams v Fischer*, 69 AD3d 1278, 1279 [2010]). Further, petitioner's claim that the Hearing Officer did not allow him to be present for every meaningful stage of the hearing is without merit given that he waived his right to attend the hearing by voluntarily leaving the hearing— shortly before the Hearing Officer rendered his disposition— after being informed that the hearing would proceed in his absence (*see Matter of Safford v Annucci*, 144 AD3d 1271, 1272 [2016], *lv denied* 29 NY3d 901 [2017]; *compare Matter of Wilson v Annucci*, 148 AD3d 1281, 1283-1284 [2017]). Finally, petitioner's challenge to his prehearing confinement was rendered moot by the final determination (*see Matter of Valera v Selsky*, 185 AD2d 481, 482 [1992]). Petitioner's remaining preserved contentions have been considered and are without merit.

Peters, P.J., Egan Jr., Lynch, Devine and Aarons, JJ., concur. Ordered that the judgment is affirmed, without costs.