Matter of Kelly v Rodriguez (2018 NY Slip Op 07509)





Matter of Kelly v Rodriguez


2018 NY Slip Op 07509


Decided on November 8, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 8, 2018


[*1]In the Matter of SHYTIQUE KELLY, Petitioner,
v
A. RODRIGUEZ, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent.

Calendar Date: September 18, 2018

Before: McCarthy, J.P., Egan Jr., Lynch, Aarons and

Pritzker, JJ.

Shytique Kelly, Attica, petitioner pro se.
Barbara D. Underwood, Attorney General, Albany (Victor Paladino of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
During the course of an investigation that involved the monitoring of petitioner's telephone calls, correction officials discovered that petitioner was enlisting his wife to bring drugs into the correctional facility during visits to the facility and that he was also using the telephone system to make third-party telephone calls. As a result, he was charged in a misbehavior report with conspiring to introduce drugs into the correctional facility, soliciting another to smuggle contraband, violating facility visiting room procedures and making third-party telephone calls. Petitioner was found guilty of the charges following a tier III disciplinary hearing. The determination was later affirmed on administrative appeal with a modified penalty, and this CPLR article 78 proceeding ensued.
We confirm. Initially, insofar as petitioner pleaded guilty to making third-party telephone calls, he is precluded from challenging the sufficiency of the evidence supporting that part of the determination finding him guilty of this charge (see Matter of LaGrave v Venettozzi, 157 AD3d 1184, 1184 [2018]; Matter of Sierra v Venettozzi, 153 AD3d 1548, 1549 [2017]). As for the remaining charges, the misbehavior report, together with the testimony of its author who conducted the investigation and the transcribed portions of the taped telephone conversations, provide substantial evidence supporting the determination of guilt (see Matter of Harrison v Fischer, 104 AD3d 1032, 1032 [2013]; Matter of Matthews v Fischer, 95 AD3d 1529, 1530 [2012]). Contrary to petitioner's claim, we do not find that the Hearing Officer was biased or that [*2]the determination flowed from any alleged bias (see Matter of Safford v Annucci, 144 AD3d 1271, 1272-1273 [2016], lv denied 29 NY3d 901 [2017]; Matter of Cognata v Fischer, 85 AD3d 1456, 1457 [2011]).
McCarthy, J.P., Egan Jr., Lynch, Aarons and Pritzker, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.