Matter of Snyder v Annucci (2020 NY Slip Op 06333)





Matter of Snyder v Annucci


2020 NY Slip Op 06333


Decided on November 5, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 5, 2020

530888

[*1]In the Matter of Ronald Snyder, Petitioner,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: October 9, 2020

Before: Egan Jr., J.P., Lynch, Clark, Mulvey and Pritzker, JJ.


Ronald Snyder, Coxsackie, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.



Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner, a prison inmate, was charged in a misbehavior report with refusing a direct order, creating a disturbance, interfering with an employee, wasting food and violating mess hall procedures. According to the report, petitioner was working in the mess hall and began arguing with a civilian cook after the cook observed him taking non-kosher food items from the serving line. Petitioner refused the cook's direction to sit down and further refused similar orders from a correction officer, before ultimately complying. Following a tier III disciplinary hearing, petitioner was found not guilty of wasting food, but guilty of the remaining charges. On administrative appeal, the interfering with an employee charge was dismissed, but the determination was otherwise upheld. This CPLR article 78 proceeding ensued.
We confirm. The detailed misbehavior report and hearing testimony constitute substantial evidence to support the determination of guilt (see Matter of Steele v Annucci, 178 AD3d 1226, 1226-1227 [2019]; Matter of Green v Kirkpatrick, 165 AD3d 1375, 1376 [2018], lv denied 32 NY3d 919 [2019]). The contrary testimony of petitioner and his inmate witness presented a credibility issue for the Hearing Officer to resolve (see Matter of Barzee v Venettozzi, 173 AD3d 1580, 1581 [2019]; Matter of Genyard v Annucci, 136 AD3d 1091, 1091 [2016]).
Turning to petitioner's procedural claims, he contends that he was improperly denied two witnesses. The record reflects that petitioner informed his employee assistant that he wished to call an inmate named Steele as a witness. The assistant form reflects that Steele's name was initially entered as a requested witness and then crossed out and another inmate's name was added. At the hearing, the Hearing Officer addressed with petitioner the fact that the assistant had changed the witness named on the form. The Hearing Officer informed petitioner that the inmate whose name was substituted on the form had agreed to testify and petitioner replied "okay." Following that inmate's testimony, the Hearing Officer asked petitioner if he had any additional witnesses that he wanted to call or procedural objections to raise and he did not raise any objections concerning Steele or request any further witness testimony. Under these circumstances, petitioner's claim that he was improperly denied the inmate witness is unpreserved for our review (see Matter of Matthews v Annucci, 175 AD3d 1713, 1714 [2019]; Matter of Rodriguez v Lee, 162 AD3d 1453, 1454 [2018]). Further, petitioner's request to call a correction officer as a witness was properly denied as irrelevant, as the officer was not present when the incident that gave rise to the charges took place (see Matter of Smith v Annucci, 173 AD3d 1596, 1597 [2019]; Matter of Moise v Annucci, 168 AD3d 1337, 1338 [2019]).
Petitioner was not denied adequate employee assistance or the right to submit documentary evidence, despite the fact that he was not provided the mess hall work assignment sheet by the assistant or at the hearing. Petitioner had an opportunity to explain the relevance of the document at the hearing and the Hearing Officer acknowledged that witness testimony had established the point that petitioner was trying to make, so the document was unnecessary. Petitioner's contention that he received inadequate employee assistance because the assistant did not interview Steele is not preserved for our review as he did not raise this objection at the hearing or on administrative appeal (see Matter of McDay v Annucci, 156 AD3d 1082, 1083 [2017]; Matter of Mendez v Annucci, 126 AD3d 1216, 1217 [2015]). Petitioner's remaining contentions, including that he was denied a fair hearing, have been considered and found to be without merit.
Egan Jr., J.P., Lynch, Clark, Mulvey and Pritzker, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.