Matter of Jeanty v Annucci (2021 NY Slip Op 05153)





Matter of Jeanty v Annucci


2021 NY Slip Op 05153


Decided on September 30, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:September 30, 2021

532914
[*1]In the Matter of Patrick Jeanty, Petitioner,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, et al., Respondents.

Calendar Date:September 3, 2021

Before:Garry, P.J., Lynch, Clark, Aarons and Reynolds Fitzgerald, JJ.

Patrick Jeanty, Auburn, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondents.



Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in a misbehavior report with creating a disturbance, refusing a direct order, interfering with an employee and violating a facility movement regulation. Following a tier III disciplinary hearing, petitioner was found guilty of all charges and a penalty was imposed. Petitioner's administrative appeal was unsuccessful, and he thereafter commenced this CPLR article 78 proceeding to challenge the determination of guilt.
We confirm. The detailed misbehavior and the testimony of its author, together with other testimony adduced at the hearing, constitute substantial evidence to support the finding of guilt (see Matter of Steele v Annucci, 178 AD3d 1226, 1226-1227 [2019]; Matter of Ellis v Department of Corr. & Community Supervision, 175 AD3d 791, 791 [2019]). The misbehavior report reflects that, upon questioning petitioner as to why he was late departing from a particular area, petitioner initially ignored the correction sergeant's inquiry and thereafter became belligerent and argumentative — refusing multiple direct orders to "stop talking" and "walk away." Additionally, the correction sergeant testified that, as she was speaking with another incarcerated individual, petitioner, who had left the area, returned, "put his hand in [her] face" and repeatedly yelled at her to "calm down." As a result of petitioner's actions, the "go-back was held up for approximately 10 minutes until [the correction sergeant] was able to get the situation under control." Although petitioner and one of his witnesses contended that the correction sergeant targeted petitioner, effectively baited petitioner into a confrontation and filed the misbehavior report in retaliation for grievances that petitioner and other members of his religious group previously had lodged against her, this testimony presented a credibility issue for the Hearing Officer to resolve (see Matter of Kennedy v Annucci, 185 AD3d 1371, 1371-1372 [2020]; Matter of Woodward v Annucci, 175 AD3d 785, 786 [2019]).
To the extent that petitioner contends that the misbehavior report was not properly endorsed and that the video from the correction sergeant's body camera should have been introduced into evidence at the hearing, petitioner did not raise either of these issues at the hearing and, therefore, such claims are unpreserved for our review (see Matter of Jones v Annucci, 166 AD3d 1174, 1176 [2018]; Matter of Sierra v Venettozzi, 153 AD3d 1548, 1549 [2017]). Petitioner's assertion that the Hearing Officer was biased and should have recused himself — a claim predicated upon the denial of petitioner's request to enter another incarcerated individual's misbehavior report into evidence — is [*2]unpersuasive. Petitioner admittedly did not receive authorization to possess the misbehavior report at issue as required by disciplinary rule 113.27 (see 7 NYCRR 270.2 [B] [14] [xvii]). In any event, the denial of such request did not impair petitioner's ability to present a retaliation defense. As the record reflects "that the determination of guilt flowed from the evidence presented and not from any alleged bias" (Matter of Bellamy v Noeth, 195 AD3d 1289, 1290 [2021]; see Matter of Haigler v Lilley, 182 AD3d 888, 889 [2020]), petitioner's due process claim must fail. Petitioner's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Garry, P.J., Lynch, Clark, Aarons and Reynolds Fitzgerald, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.