Matter of Slater v Annucci (2022 NY Slip Op 00925)





Matter of Slater v Annucci


2022 NY Slip Op 00925


Decided on February 10, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:February 10, 2022

532838
[*1]In the Matter of Michael A. Slater, Petitioner,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date:January 6, 2022

Before:Garry, P.J., Clark, Aarons and Colangelo, JJ.

Michael A. Slater, Alden, petitioner pro se.
Letitia James, Attorney General, Albany (Allyson B. Levine of counsel), for respondent.



Clark, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
A search of petitioner's cell cube in April 2019 disclosed, hidden between envelopes of legal paperwork, handwritten papers consisting of, among other things, a list of explosive materials, escape plans for multiple correctional facilities, mention of the desire to kill correctional employees, maps and a request for plans to make weapons and bombs indicating that certain named gangs were willing to pay for the plans. When questioned after the search, petitioner made extensive, detailed admissions to the correction officer who conducted the search and thereafter authored the misbehavior report charging petitioner with planning an escape, possessing materials describing the use or construction of an explosive device, possessing contraband, engaging in gang activity and possessing materials related to an unauthorized organization. Two successive prison disciplinary hearings were held, and, after each, petitioner was found guilty of the first three charges and not guilty of the remaining two charges. Both findings of guilt were administratively reversed. A new tier III disciplinary rehearing was held in March 2020, at which petitioner admitted possessing the papers in his cell and writing on them to decode them. Petitioner was again found guilty of the charges for planning an escape, possessing materials describing the use or construction of an explosive device and possessing contraband, but he was determined to be not guilty of the other two charges. The determination was affirmed on administrative appeal, and petitioner commenced this CPLR article 78 proceeding challenging the determination.
The misbehavior report authored by the correction officer who conducted the cell search, the papers and other documentary evidence found in petitioner's cube and petitioner's extensive admissions provide substantial evidence to support the determination (see Matter of McCoy v Annucci, 199 AD3d 1143, 1143 [2021]; Matter of Perkins v Annucci, 129 AD3d 1421, 1421 [2015]). Petitioner's otherwise unsupported claim that he had been entrapped presented a credibility question for the Hearing Officer (see Matter of Ketchmore v Annucci, 199 AD3d 1150, 1150 [2021]). Further, the record fails to support petitioner's claim that he received inadequate employee assistance (see Matter of Hill v Annucci, 155 AD3d 1195, 1196-1197 [2017]; Matter of Douglas v Annucci, 155 AD3d 1216, 1217 [2017]). The record reflects that petitioner's employee assistant took steps to secure each of the 15 documents petitioner requested, which were provided to him to the extent that they were available and relevant, and the actions taken with regard to each document were recorded and addressed at the hearing by the Hearing Officer, who gave petitioner time [*2]to review them. As such, petitioner has not demonstrated that he was prejudiced by the assistant's use of other staff to help secure the documents or that the assistance provided was inadequate in any respect (see Matter of Scott v Annucci, 164 AD3d 1553, 1554 [2018]; Matter of Alston v Annucci, 153 AD3d 981, 982-983 [2017]).
Petitioner's further contention that he was improperly denied witnesses at the hearing lacks merit. Petitioner never requested that correction officials be called as witnesses, and his request at the hearing to call his assistant was properly denied given his failure to demonstrate that this person, who had no personal knowledge of the incident, could have provided any relevant testimony in view of the Hearing Officer's efforts to address each requested document (see Matter of Snyder v Annucci, 188 AD3d 1346, 1347 [2020]). With regard to petitioner's request to call as witnesses incarcerated individuals housed near him at the time of the search, the record reflects that three of them signed witness refusal forms with reasons for their refusal and one could not be located, and none of these four had previously agreed to testify (see Matter of Cortorreal v Annucci, 28 NY3d 54, 59 [2016]; Matter of Walton v Annucci, 181 AD3d 1085, 1086-1087 [2020]). The fifth incarcerated individual agreed to testify, but petitioner declined to call him.
To the extent that petitioner raises challenges related to the prior findings of guilt after the first and second hearings, such claims are moot given that the determinations were administratively reversed (see Matter of Fernandez v Annucci, 161 AD3d 1431, 1432 [2018]). Petitioner also argues that double jeopardy protections precluded a rehearing with regard to the two charges of which he was acquitted after the first and second hearings. This is unavailing as prison disciplinary proceedings are civil and the resulting sanctions do not constitute criminal punishment triggering double jeopardy protections (see People v Vasquez, 89 NY2d 521, 532-533 [1997], cert denied 522 US 846 [1997]), and petitioner was not subjected to successive criminal prosecutions or punishments; moreover, he was again acquitted of those two disciplinary charges (see Hudson v United States, 522 US 93, 95, 99, 103-104 [1997]; Matter of De Grijze v Selsky, 305 AD2d 761, 762 [2003], appeal dismissed 100 NY2d 613 [2003]). Petitioner's remaining contentions, to the extent that they are preserved for our review, have been considered and found to be similarly lacking in merit.
Garry, P.J., Aarons and Colangelo, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.