Matter of Olukotun-Williams v Gardner (2023 NY Slip Op 05646)

Matter of Olukotun-Williams v Gardner

2023 NY Slip Op 05646

Decided on November 9, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 9, 2023

CV-22-2192
[*1]In the Matter of Stoker Olukotun-Williams, Petitioner,
v
Lieutenant Gerald Gardner et al., Respondents.

Calendar Date:October 6, 2023

Before:Egan Jr., J.P., Lynch, Pritzker, Reynolds Fitzgerald and Fisher, JJ.

Stoker Olukotun-Williams, Wallkill, petitioner pro se.
Letitia James, Attorney General, Albany (Sean P. Mix of counsel), for respondents.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review a determination of respondent Superintendent of Shawangunk Correctional Facility finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner, an incarcerated individual, was charged in a misbehavior report with a movement regulation violation, a phone program violation, creating a disturbance, refusing to obey a direct order and interfering with an employee. According to the report, while making a second phone call that day, petitioner refused several direct orders to get off the phone, continued to use the phone and yelled in a belligerent manner, drawing the attention of other incarcerated individuals in the area. Facility staff responded to the scene, and petitioner ultimately hung up the phone after being given several more direct orders. Following a tier II disciplinary hearing, petitioner was found guilty of the charges. That determination was affirmed upon administrative appeal. This CPLR article 78 proceeding ensued.
We confirm. The misbehavior report, related evidence and hearing testimony, including the testimony of the correction officer sergeant who authored the misbehavior report, provide substantial evidence to support the determination of guilt (see 7 NYCRR 270.2 [B] [22] [iii]; 7 NYCRR 723.5 [b] [6]; cf. Matter of Toliver v Commissioner of N.Y. State Dept. of Corr. & Community Supervision, 107 AD3d 1263, 1263 [3d Dept 2013]; Matter of Gallagher v New York State Dept. of Corr. Servs., 96 AD3d 1319, 1320 [3d Dept 2012]). "Turning to petitioner's procedural claims, although the hearing transcript contains inaudible portions, the gaps are not so substantial or significant as to preclude meaningful review of the procedural arguments advanced by petitioner" (Matter of Smith v Annucci, 217 AD3d 1306, 1306 [3d Dept 2023] [internal quotation marks and citations omitted]; see Matter of Santos v Annucci, 209 AD3d 1084, 1086 [3d Dept 2022]). Further, "nothing in the record suggests — as petitioner now claims — that the Hearing Officer failed to electronically record the entire hearing as required by 7 NYCRR 254.6 (a) (2)" (Matter of Liggan v Annucci, 171 AD3d 1325, 1326 [3d Dept 2019]; see Matter of Partak v Venettozzi, 175 AD3d 1633, 1635 [3d Dept 2019]).
"As to the remaining procedural challenges, petitioner was not improperly denied documentary evidence in the form of certain videotapes that he requested, given that the requested videotapes either did not exist or did not depict the incident in question and were, therefore, irrelevant" (Matter of Matthews v Annucci, 175 AD3d 1713, 1714 [3d Dept 2019] [citations omitted]). Contrary to petitioner's contention, we find that he was not denied the right to call certain witnesses, as the testimony offered by petitioner's requested witnesses would have been irrelevant and/or redundant (see Matter of Johnson v Annucci, 205 AD3d 1173, 1174[*2]-1175 [3d Dept 2022]; Matter of Snyder v Annucci, 188 AD3d 1346, 1347 [3d Dept 2020]). "Finally, petitioner's challenge to his prehearing confinement was rendered moot by the final determination" (Matter of Hill v Annucci, 155 AD3d 1195, 1197 [3d Dept 2017] [internal quotation marks and citation omitted]; see Matter of Ballard v Annucci, 156 AD3d 1013, 1015 [3d Dept 2017]). Petitioner's remaining contentions, including his claim that the Hearing Officer exhibited bias, have been considered and are either unpreserved for our review or are lacking in merit.
Egan Jr., J.P., Lynch, Pritzker, Reynolds Fitzgerald and Fisher, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.