Matter of Wesley-Rosa v Russell (2024 NY Slip Op 04502)

Matter of Wesley-Rosa v Russell

2024 NY Slip Op 04502

Decided on September 19, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 19, 2024

CV-23-2122
[*1]In the Matter of Jacqueline Wesley-Rosa, Petitioner,
v
Supt. Russell, as Superintendent of Bedford Hills Correctional Facility, Respondent.

Calendar Date:August 30, 2024

Before:Egan Jr., J.P., Clark, Lynch, Reynolds Fitzgerald and Fisher, JJ.

Jacqueline Wesley-Rosa, Bedford Hills, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain disciplinary rules.
Petitioner was charged in a misbehavior report with smuggling, possessing contraband and violating the rules of a family reunion program. The charges stemmed from an incident wherein petitioner, upon leaving a family reunion visit, was found to be in possession of, among other things, various food items. At the conclusion of the tier II disciplinary hearing that followed, the Hearing Officer found petitioner guilty of all charges and, as to penalty, petitioner was counseled and reprimanded. Upon review, the Hearing Officer's decision was affirmed. Petitioner then commenced this CPLR article 78 proceeding to challenge respondent's determination.
We confirm. The misbehavior report, the testimony of its author and a video of the incident provide substantial evidence to support respondent's determination (see Matter of Knight v Rodriguez, 217 AD3d 1300, 1301 [3d Dept 2023]; Matter of Carzoglio v Annucci, 216 AD3d 1272, 1273 [3d Dept 2023]). As for petitioner's procedural claims, petitioner contends that because she initially was allowed to leave the visitation area with only a verbal warning, the subsequent issuance of the misbehavior report violated her double jeopardy rights. However, "prison disciplinary proceedings are civil and the resulting sanctions do not constitute criminal punishment triggering double jeopardy protections" (Matter of Slater v Annucci, 202 AD3d 1249, 1251 [3d Dept 2022]; see Matter of De Grijze v Selsky, 305 AD2d 761, 762 [3d Dept 2003], appeal dismissed 100 NY2d 613 [2003]). To the extent that the misbehavior report contained certain clerical errors, we are satisfied that it provided petitioner sufficient notice of the charges against her and afforded her an opportunity to prepare a defense; we further note that petitioner has failed to demonstrate that she was prejudiced by any discrepancies in this regard (see Matter of Bellamy v Noeth, 195 AD3d 1289, 1289-1290 [3d Dept 2021]). Finally, "it is the function of the review officer, based upon the seriousness of the charges and the appropriate corresponding penalty in the event the charges are substantiated, to determine the tier classification" (Matter of Pettus v Selsky, 28 AD3d 1043, 1043-1044 [3d Dept 2006]; accord Matter of Credell v Hurt, 167 AD3d 1113, 1114 [3d Dept 2018], lv denied 32 NY3d 919 [2019]; see 7 NYCRR 251-2.2). Both possession of contraband and smuggling may be classified as either tier I, II or III offenses (see 7 NYCRR 270.2 [B] [14] [xiii]; [15]), and we perceive no abuse of the review officer's discretionary classification of tier II in this matter. Petitioner's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Egan Jr., J.P., Clark, Lynch, Reynolds Fitzgerald [*2]and Fisher, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.