Matter of Dean v Martuscello (2025 NY Slip Op 01692)

Matter of Dean v Martuscello

2025 NY Slip Op 01692

Decided on March 20, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 20, 2025

CV-24-0685
[*1]In the Matter of William M. Dean, Petitioner,
v
Daniel F. Martuscello III, as Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date:February 7, 2025

Before:Garry, P.J., Clark, Pritzker, Fisher and Powers, JJ.

William M. Dean, Marcy, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating a prison disciplinary rule.
During a frisk of petitioner's cube, a correction officer discovered an "ice pick type weapon" measuring approximately two inches long. As a result, petitioner was charged in a misbehavior report with possessing a weapon. At the conclusion of the tier III disciplinary hearing that followed, wherein petitioner contended that the item in question was merely a sewing needle, a Hearing Officer found petitioner guilty and imposed a penalty. That decision was affirmed upon administrative appeal, prompting petitioner to commence this CPLR article 78 proceeding to challenge respondent's determination.
The detailed misbehavior report, the testimony of its author and the related documentation provide substantial evidence to support the determination of guilt (see Matter of Chan v Annucci, 219 AD3d 1624, 1625 [3d Dept 2023], lv denied 41 NY3d 902 [2024]; Matter of Daniels v Venettozzi, 219 AD3d 1000, 1001 [3d Dept 2023]; Matter of Smith v Annucci, 207 AD3d 979, 980 [3d Dept 2022]). To the extent that petitioner argued that the item in question was a sewing needle, this presented a credibility issue for the Hearing Officer to resolve (see generally Matter of Walker v Fischer, 107 AD3d 1273, 1274 [3d Dept 2013]; Matter of Proctor v Fischer, 107 AD3d 1267, 1267 [3d Dept 2013], lv denied 22 NY3d 853 [2013]; Matter of Tinnirello v Selsky, 51 AD3d 1238, 1239 [3d Dept 2008]). Petitioner's request to view the weapon at the hearing was properly denied for valid security reasons (see e.g. Matter of Steward v Selsky, 266 AD2d 605, 606 [3d Dept 1999]; Matter of Giakoumelos v Coughlin, 192 AD2d 998, 998-999 [3d Dept 1993], lv denied 82 NY2d 658 [1993]). Although the record contains conflicting evidence as to whether petitioner was provided with a photograph of the weapon at the hearing, it is clear from his testimony that petitioner was well aware of the item in question and the particular characteristics thereof; therefore, even assuming that he did not view a photograph of the weapon, "petitioner has established no prejudice in preparing a defense" (Matter of Reed v Selsky, 9 AD3d 710, 711 [3d Dept 2004], lv denied 3 NY3d 611 [2004]; see Matter of Bunting v Goord, 25 AD3d 845, 846 [3d Dept 2006]).
Although petitioner argues that his due process rights were violated because he was not provided with a tape of the disciplinary hearing, he has no "constitutional right to such recordings" (Matter of Madden v Griffin, 109 AD3d 1060, 1061 [3d Dept 2013], lv denied 22 NY3d 860 [2014]), and where, as here, "petitioner was provided with a statement of the evidence that was relied upon and the reasons for the action taken, he was afforded the necessary information to challenge the determination" (Matter of Holmes v Fischer, 66 AD3d 1093, 1094 [3d Dept [*2]2009]). To the extent that petitioner argues that he was denied the right to call certain witnesses, the incarcerated individuals requested by petitioner each signed witness refusal forms explaining that they had no knowledge of the incident, and there is no indication that they previously had agreed to testify (see Matter of Chan v Annucci, 219 AD3d at 1625-1626; Matter of Slater v Annucci, 202 AD3d 1249, 1251 [3d Dept 2022]). As for the requested facility personnel, the Hearing Officer properly denied petitioner's request as such individuals were not present when the weapon was discovered (see Matter of Snyder v Annucci, 188 AD3d 1346, 1347 [3d Dept 2020]). Petitioner's claim that he never met with his employee assistant is belied by petitioner's signature on the tier assistance form. Finally, upon reviewing the record as a whole, we do not find that the Hearing Officer was biased or that the determination flowed from any alleged bias (see Matter of Mena v Gutwein, 216 AD3d 1384, 1386 [3d Dept 2023], lv denied 40 NY3d 906 [2023]; Matter of Clark v Jordan, 212 AD3d 976, 979 [3d Dept 2023]). Petitioner's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Garry, P.J., Clark, Pritzker, Fisher and Powers, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.