Matter of Williams v Martuscello (2025 NY Slip Op 05021)

Matter of Williams v Martuscello

2025 NY Slip Op 05021

Decided on September 18, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 18, 2025

CV-24-0683
[*1]In the Matter of Isiah Williams, Petitioner,
v
Daniel F. Martuscello III, as Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date:August 29, 2025

Before:Clark, J.P., Lynch, Ceresia, McShan and Powers, JJ.

Isiah Williams, Albion, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Superintendent of Orleans Correctional Facility finding petitioner guilty of violating certain prison disciplinary rules.
A dental hygienist charged petitioner in a misbehavior report with creating a disturbance, refusing direct orders and interfering with an employee. According to the misbehavior report, when the dental hygienist informed petitioner of the dental treatment plan recommended by the regional dental director, petitioner refused treatment and, after he would not sign the form documenting his refusal, the hygienist called a correction officer to be a second witness to petitioner's treatment refusal. The misbehavior report then alleges that petitioner became loud and argumentative and refused multiple direct orders to stay seated and be quiet. According to the misbehavior report, petitioner's conduct caused a disturbance among the other incarcerated individuals in the waiting area of the dental clinic and interfered with the hygienist performing her duties. Following a tier II disciplinary hearing, petitioner was found guilty of all charges. That determination was affirmed upon administrative appeal. This CPLR article 78 proceeding ensued.[FN1]
We are unpersuaded that petitioner was improperly denied two witnesses. Petitioner asserts that he was denied the testimony of the regional dental director pertaining to, among other things, discussions with the hygienist regarding petitioner's dental treatment plans. Although the Hearing Officer did not provide a written statement for denying the dental director's testimony, the Hearing Officer informed petitioner on the record that such testimony from the dental director — who was not present for the incident — was irrelevant with regard to petitioner's alleged conduct while in the dental clinic (see Matter of Keitt v Annucci, 231 AD3d 1455, 1456 [3d Dept 2024], lv denied 43 NY3d 906 [2025]; Matter of Pierre v Annucci, 219 AD3d 990, 991 [3d Dept 2023]; Matter of Snyder v Annucci, 188 AD3d 1346, 1347 [3d Dept 2020]).
Petitioner's challenge to the remaining witness — the dental assistant present at the time of the incident and who endorsed the misbehavior report — is unpreserved. Although petitioner identified the dental assistant as a potential witness at the commencement of the hearing, and during the hearing noted that her testimony would be needed, before any determination was made as to whether she would be allowed to testify, petitioner stated that he had an opportunity to submit relevant evidence and requested that the hearing be closed. Under the circumstances, as petitioner did not renew his request for the dental assistant or object to her not being called, we find that petitioner did not preserve his claim (see Matter of Matthews v Annucci, 175 AD3d 1713, 1714 [3d Dept 2019]; Matter of Rodriguez v Lee, 162 AD3d 1453, 1454 [3d Dept 2018[*2]]).
Clark, J.P., Lynch, Ceresia, McShan and Powers, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

Footnotes

Footnote 1: We note that this proceeding was properly transferred to this Court as the petition raised an issue of substantial evidence, but petitioner specifically denies — and therefore, abandons — raising any such challenge here (see Matter of Ortiz v Annucci, 214 AD3d 1271, 1272 n [3d Dept 2023]).